JOSHUA RIDGLEY, Plaintiff in error,

*vs.*

THE STATE OF WISCONSIN, Defendant in error.

ERROR TO LA CROSSE CIRCUIT COURT.

The defendant, on conviction of a criminal offence before a justice, has twenty-four hours after conviction in which to perfect his appeal, excluding from the computation of time an intervening Sunday.

The facts in this case are fully stated in the opinion of the court.

*Wm. H. Tucker* and *Dennison & Lyndes,* for the plaintiff in error.

*G. Bouck,* Attorney General, for the State.

*By the Court,* COLE, J. In this case, it appears that the plaintiff in error was convicted on a criminal prosecution for an assault and battery and breach of the peace before the police justice of the city of La Crosse, late on Saturday evening of the 31st of October last. Early on the following Monday morning he perfected an appeal in the case to the circuit court of that county. At the next term of the circuit court, the appeal was dismissed on motion, for the reason that it was not taken in time and properly perfected under the statute. The objection to the appeal is understood to be that it was not perfected within the twenty-four hours next following the conviction.

Section twenty-one of chapter eighty-nine of the revised statutes, in substance, provides that a person charged with and convicted of the offence above named may appeal from the judgment to the circuit court, provided said person shall, within twenty-four hours, enter into a recognizance, with one or more sufficient sureties, conditioned to appear before the circuit court, and abide the judgment of that court therein. The police justice approved of the recognizance in this case, and of the surety therein named, and certifies that Sunday having intervened since the rendition of the judgment, the recognizance was taken on the following Monday morning, within twenty-four hours from the conviction, excluding Sunday. The question now is, was the appeal in time? We are of the opinion that it was. The obvious intention of the statute is to give a person convicted before a justice of an assault and battery and breach of the peace a right to appeal to the circuit court to correct any error that may have intervened in the court below, and the statute should be so construed, if possible, as to secure this right in all cases. Now suppose a person convicted just before twelve o'clock Saturday night; if it be held that an appeal must be taken within the next twenty-four hours, the party must either perfect his appeal by violating the Sabbath, an act illegal of itself, (see section 18, chap. 87 ; sections 21 and 23, chap. 139, R. S.,) or lose his appeal altogether. A construction of the statute which would produce this result, would not be fair and reasonable. In our judgment, the intention of the legislature will be more fully attained by permitting the party to perfect his appeal within twenty-four hours after the conviction, excluding from the computation of time the intervening Sunday.

We find that in civil cases when an act is required by statute to be done in a given number of days *less than a week*, courts have adopted this rule, and exclude in the computation

Ridgley vs. The State of Wisconsin.

of time an intervening Sunday. See the case in 2 Hill R., 375 and note; *Thayer vs. Felt*, 4 Pick., 354.

These observations dispose of this and the next case on the calendar, which involves the same question.

The orders of the circuit court dismissing the appeal in the two cases must therefore be reversed, and the causes be remanded for further proceedings according to law.