53  87<br>136 205

---

## JOHN BURTON *et al.*

*v.*

## THE CITY OF CHICAGO.

1. SPECIAL ASSESSMENTS—*time of filing objections to confirmation.* · The clause of the charter of the city of Chicago which requires objections to a special assessment to be filed at least one day prior to the meeting of the common council at which the confirmation of the assessment will be applied for, is construed as intending that a day shall intervene between the last day of publication of notice of such application and the action of the council, and that day not a Sunday.

2. So, where the last day of such publication was a Saturday, and the council confirmed the assessment on the following Monday, the intervening day being Sunday, which is *dies non juridicus*, it was held, the parties interested had no opportunity, such as the law contemplates, to file their objections, and a judgment on the assessment was reversed on that ground.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. JOHN BORDEN and Mr. JOHN P. WILSON, for the appellants.

Mr. S. A. IRVIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application for a judgment on a special assessment in the city of Chicago. The charter provides that notice of filing the assessment roll in the clerk's office shall be given by six days' publication in a newspaper, and that a confirmation of such assessment will be applied for at the next regular meeting of the common council after the expiration of such publication. It is further provided, that objections to such assessment may be heard, but all objections shall be filed in writing in the office of the city clerk at least one day prior to the meeting of the council. In this case, publication for six days was made, commencing Monday, October 12, and ending Saturday, October 17, and the assessment was confirmed by the common council on Monday, October 19. It thus appears, Sunday being *dies non juridicus,* and the clerk's office not open for filing papers, no opportunity was given parties interested to file objections. As the law requires the objections to be filed at least one day prior to the meeting of the council, it must be construed as intending that a day shall intervene between the last publication and the action of the council. This right of objection before the council is a very important right, and must not be disregarded in these proceedings.

*Judgment reversed.*