CLERKS' SAVINGS BANK, Appellant, *v.* MARY THOMAS *et al.*,
Respondents.

### June 6, 1876.

1. A non-juridical day, on which no record can be kept, is not to be reckoned in calculating time for filing pleas or motions.
2. Notice to a director of a bank of facts affecting the character of negotiable paper is notice to the bank.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*D. W. Sadler*, for appellant, cited: Northamton *v.* Mississippi Valley Ins. Co., 47 Mo. 444; Walled *v.* Parker, 6 Wend. 616; Woodhull *v.* Holmes, 10 Johns. 231; DeBaum *v.* Atchison, 14 Mo. 543; Mechanics' Bank *v.* State Board, etc., 10 Wall. 646; Patter *v.* Dillon, 7 Mo. 228; Farmers & Mechanics' Bank *v.* Butchers & Drovers' Bank, 14 N. Y. 623, and 16 N. Y. 125; Smith *v.* Clark & Co., 54 Mo. 58; State of Illinois *v.* Delefield, 2 Hill, 159; Gullick *v.* Glover, 33 N. J. L. (400) 463; McFarland *v.* Bellews, 49 Mo. 311; Alexander *v.* Harrison, 38 Mo. 258; Story on Ag., secs. 55, 59, 87, 92, 104; Weaver *v.* Ogletree, 39 Ga. 586; The State *v.* Homes, 17 Mo. 379; Chappell *v.* Allen, 38 Mo. 213; Rose *v.* Spies, 44 Mo. 20; National Bank *v.* Currie, 44 Mo. 91; Meyer *v.* Pacific R. R. Co., 45 Mo. 137; Mead *v.* Brutherton, 30 Mo. 201; Exchange Bank *v.* Monteith, 36 N. Y. 505; New York & New Hampshire R. R. Co. *v.* Schnyder *et al.*, 34 N. Y. 30; Magee *v.* Badger, 34 N. Y. 247; Grisnole *v.* Haven, 25 N. Y. 602.

*Krum, Madill & Jewett*, for respondents, cited: Wag. Stat. 1059; National Bank of the Metropolis *v.* Williams, 46 Mo. 17; Wenst *v.* Schroeder, 40 Mo. 602.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on two negotiable promissory notes—one for $4,000, made by Thomas P. Morse and John D. Daggett,

payable to the order of the Sectional Dock Company, and indorsed, "Sectional Dock Co., by Charles Drew, jr., Fin. Agt.," and also indorsed by Charles Drew, jr.; the other note is for $12,000, signed, "Sectional Dock Co., by Charles Drew, jr., Fin. Agt.," payable to the order of T. P. Morse & Co., and by them indorsed to plaintiff.

The defense is that defendants, who are said to have been members of a copartnership called the Sectional Dock Company, never authorized the making or indorsing of this paper, which was made and indorsed by Charles Drew, jr., then secretary and business manager, for the accommodation of the firm of T. P. Morse & Co., of which he was a member, and that plaintiffs had notice of this fact.

The case is one growing out of the state of facts fully set out in the opinion rendered at this term in the cases of *Edwards* v. *Thomas* and *Whittaker* v. *Thomas*. A fuller statement is not needed for the purposes of this opinion.

There was a verdict and judgment below for defendant, and plaintiff brings the cause here by appeal.

It is said by counsel for respondent that, inasmuch as no exceptions were saved to the rulings of the court below, in giving or refusing instructions, and because the motion for a new trial was not filed within four days, there is nothing in this record at which we can look.

We think the motion for a new trial was filed in time. The verdict was rendered on Saturday, March 14th, in court-room No. 5. On the Monday following, according to its rules, the Circuit Court was sitting in general term. On March 16th, 20th, and 23d, and on no other days, up to the date of filing this motion, Circuit Court No. 5 was in actual session. On the 23d the motion for a new trial was filed. This was a compliance with the law. The days are to be juridical days—court days—on which minutes are kept. The fact that the Circuit Court was sitting in general term did not make the days in which Court No. 5 was not in session, at

special term, juridical days of Court No. 5. A day of which no record can be kept is not to be counted as a day in calculating time for filing either pleas or motions in cases pending in court

No exception having been saved to the action of the Circuit Court in granting or refusing instructions, we shall not examine the declarations of law given by the court to the jury.

The only matter which this record saves, and which is before us for consideration, is the action of the court in admitting certain testimony given by Charles Drew.

Drew testified that he told one Thaw in regard to the $4,000 note, before it was offered to plaintiff for discount, that the proceeds of the note were to go to the benefit of Morse & Co. Thaw was a director of the plaintiff, as the evidence shows, and was present at the board as director when the note was offered for discount and received by the bank. We think this evidence quite competent, as tending to show notice to the bank that the paper was made for the accommodation of Morse & Co., and not of Sectional Dock Company, and putting them on inquiry as to Drew's power and authority to make or indorse paper in the name of the Dock Company for any such purpose.

There being no error in this action of the court, and nothing else appearing on the record upon which we are called upon to pass, the judgment of the Circuit Court is affirmed. The other judges concur.