## MENG vs. WINKLEMAN.

*Computation of time: Intervening Sunday.*

Where a statute gives a certain number of *hours* to perform an act, without mention of Sunday, the hours of an intervening Sunday are to be excluded from the computation. So held in respect to sec. 96, ch. 120, R. S., which permits a J. P. to continue for seventy-two hours, for consideration, a cause submitted to him, before rendering judgment.

APPEAL from the Circuit Court for *Dane* County.

This action was brought before a justice of the peace, and tried by him without a jury. The cause was submitted to him at 5:30 P. M., November 5th; "whereupon the court adjourned the case for seventy-two hours, to consider upon a rendition of judgment, at which time, five and a half o'clock in the afternoon of the 9th inst., judgment will be rendered at my office." This quotation is from the docket of the justice. At the appointed time the justice rendered judgment for the plaintiff. The intervening 7th of November was Sunday.

Defendant removed the case to the circuit court by *certiorari*, alleging for error that, by the adjournment from the 5th to the 9th of November, the justice lost jurisdiction to render judgment. The circuit court affirmed the judgment of the justice; and defendant appealed to this court.

*F. E. Parkinson*, for appellant, contended, 1. That sec. 34, ch. 140, R. S. (which declares that "the time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the *last day* be Sunday, it shall be excluded"), is a general rule applicable to all cases and courts. 4 Wait's Pr., 621; *Buckstaff v. Hanville*, 14 Wis., 77; *State v. Messmore*, id., 119; *Smith v. Smith*, 19 id., 523; *Bissell v. Bissell*, 11 Barb., 96; *Columbia Turnpike Road v. Haywood*, 10 Wend., 422; *Truax v. Clute*, 7 N. Y. Leg. Obs., 163; *King v. Dowdall*, 2 Sandf. S. C., 131. 2. That an *intervening* Sunday is always *included* in the computation. *Easton v. Chamberlin*, 3 How. Pr., 412; *Taylor v. Corbiere*, 8 id., 385; *Ex parte Dodge*, 7 Cow., 147; *Broome v. Wellington*, 1 Sandf. S. C., 664; *King v. Dowdall, supra; Franklin v. Holden*, 7 R. I., 215; *Avery v. Stewart*, 2 Conn., 69; *Goswiler's Estate*, 3 Penn., 200; *Boyd v. Comm.*, 1 Rob. (Va.), 691; *Anderson v. Baughman*, 6 Mich., 298; *Corey v. Hiliker*, 15 id., 314; *Paine v. Mason*, 7 Ohio St., 206; *Womack v. McAhren*, 9 Ind., 6; *Robinson v. Foster*, 12 Iowa, 186; *Taylor v. Palmer*, 31 Cal., 244; 5 Burn's Justice, 970;

Harrison's Eng. Dig., 6326, 6328; 20 Viner's Abr., 64; 1 Tidd's Pr., 474, 577, 676; *Anon.*, 1 Strange, 86; *Studley v. Sturt*, 2 id., 782; id., 914; *Lee v. Carlton*, 3 Durn. & E., 642; *McIntosh v. Railway Co.*, 1 Hare, 328; *Brown v. Johnson*, 1 Carr. & P., 440. 3. That sec. 96, ch. 120, R. S., was taken from New York, and it has been held in that state that intervening Sundays are to be included in computing time under that statute. *Bissell v. Bissell, supra.* In adopting this statute, we adopted that rule of construction. 4. That where the limitation of time is prescribed in hours, and especially where the number of hours prescribed is merely a maximum of time, and the act may be performed within a shorter period, the rule of construction should be more strict, and not more liberal; and that Sunday hours are never excluded, except in the case of very short periods of time, and then only to prevent performance on Sunday itself. *Franklin v. Holden, supra.* 5. That whenever a period of time is fixed by statute, it is fair to presume that the legislature has considered the contingency of an intervening Sunday; that our statutes have in fact made all needed provisions for the Sabbath day; that there is no reason for excluding intervening Sundays which would not equally apply to intervening holidays; and that any departure from the plain rules of the statutes would only introduce extensive and unnecessary confusion. Counsel also criticised *Anon.*, 2 Hill, 375, as not involving in fact any Sunday question, so that the remarks of the judge on that question were *obiter;* and the case of *Whipple v. Williams*, 4 How. Pr., 28, as having been correctly decided upon erroneous reasons *(Taylor v. Corbiere, supra);* and contended that their authority was destroyed by later cases. He also contended that *Lowe v. Stringham*, 14 Wis., 222, rested on the plain terms of sec. 134, ch. 120, R. S., and is inapplicable here; and that in *Ridgley v. The State*, 7 Wis., 661, there was really no intervening Sunday, as clearly appears from the record, but Sunday was the last day, and was

properly excluded for that reason, and whatever is said about intervening Sundays is therefore *obiter*.

*J. H. Carpenter*, for the respondent, argued that sec. 34, ch. 140, R. S., can have no application to a statute which prescribes *hours* for doing an act; that sec. 96, ch. 120, R. S., was not adopted from the New York statute construed in *Bissell v. Bissell*, 11 Barb., 96, nor from any other New York statute, but was apparently original in this state; that such a construction should be given it as will best subserve its object, and not be likely to work injustice; and that such a construction has already been given to a similar statute in *Ridgley v. The State*, 7 Wis., 661, and there is no reason for now departing from it. He also cited *Lowe v. Stringham*, 14 Wis., 222; *Buckstaff v. Hanville*, id., 77; *Thayer v. Felt*, 4 Pick., 354; *Carothers v. Wheeler*, 1 Oregon, 194; *Lee v. Carlton*, 3 Durnf. & E.*, 642; and the following authorities in New York: *Whipple v. Williams*, 4 How. Pr., 28; 1 Hoff. Ch. Pr., 513; *Vanderburgh v. Van Rensselaer*, 6 Paige, 147. He further contended that the cases in 6 Mich., 298, and 15 id., 314, follow a statutory rule of that state, and have no application to this case.

LYON, J.   The only question presented by this appeal is, whether the justice, when he took time to consider upon the cause, adjourned the same for a longer time than the statute allows.

The statute provides that "whenever a justice shall take time to consider upon a cause submitted to him for decision, he shall continue the cause to a time to be by him named, not more than seventy-two hours from the time the same is so submitted, at which time he shall enter his judgment." R. S., ch. 120, sec. 96.

We are entirely satisfied that it was the intention of the legislature, in the enactment of this statute, to give the justice

seventy-two hours of secular time in which to consider the cause and determine his judgment. This view is sustained by the reasoning and decision of this court in *Ridgley v. The State,* 7 Wis., 661, decided nearly twenty years ago. So far as we are advised, that case has never been overruled, nor its correctness questioned.

We understand the true principle to be (and so hold) that, when a statute, like that under consideration, gives *hours* in which to perform a given act, and does not mention an intervening Sunday, the hours of an intervening Sunday are to be excluded from the computation of time.

*By the Court.* — Judgment affirmed.