STEPHEN A. BAILEY, Respondent, *v.* GEORGE W. LUBKE ET AL., Appellants.

### November 18, 1879.

1. Neither sects. 27–29, p. 913, of the Revised Statutes of 1855, nor sect. 21 of the act of March 3, 1857, repeal the provision of the act of January 29, 1847, requiring the payment of a jury-fee on filing a transcript from a justice.

2. An appeal allowed May 24th is taken ten days before the first day of a term commencing June 2d.

3. That time is limited to do an act before a date, does not require the exclusion of both the day of the act and of the day before which the act is to be done.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

HITCHCOCK, LUBKE & PLAYER, for the appellants, cited: *Knapp* v. *Skeele*, 31 Mo. 434; *Taylor* v. *McKnight*, 1 Mo. 120; *Lester* v. *Garland*, 15 Ves. Ch. 257; *Bigelow* v. *Wilson*, 1 Pick. 485; *Lubbock* v. *Cook*, 49 Texas, 96.

PHILLIPS & STEWART, for the respondent, cited: *The State ex rel.* v. *Gasconade County*, 33 Mo. 102; *Chiles* v. *Smith*, 13 B. Mon. 460; *Brown* v. *Bazan*, 24 Ind. 194; *Hahn* v. *Dierkes*, 37 Mo. 575; *Reynolds* v. *Railroad Co.*, 64 Mo. 70; *Harbison* v. *Steamboat*, 13 Mo. 226.

BAKEWELL, J., delivered the opinion of the court.

On May 24, 1878, an appeal was taken from judgment of the justice. The next term of the Circuit Court was the first Monday of June, which was the third day of that month. On the 19th of June, plaintiff filed a motion to affirm, because appellants had failed to pay the jury-fee and to prosecute their appeal according to law. The respondent having, on the last-named day, paid the fee and filed the transcript, the court sustained the motion and affirmed the judgment.

If one who appeals from the judgment of a justice in St. Louis fails to pay the jury-fee, as required by the act of January 29, 1847, the Circuit Court may affirm the judgment upon the appellee's filing a transcript and paying the fee. *Hardison* v. *Steamboat*, 13 Mo. 226. It is contended here that the provision of the act of 1847 as to paying a jury-fee on filing the transcript, is repealed by implication, by sects. 27–29, p. 913, Revised Statutes of 1855, and by sect. 21 of the act of March 3, 1857, providing for a jury system in St. Louis County. These provisions are to the effect that fees allowed to jurors are to be taxed and collected as other costs in the case. These later acts do not provide expressly that the jury-fee shall be advanced, on filing the petition or transcript; but they do not prohibit it, and in no respect conflict with the law of 1847 in the matter under consideration. They work no repeal of the provision as to paying the jury-fee or filing the transcript.

Appellants claim that they were not in default; that it was enough that they paid the jury-fee and gave the notice ten days before the October term of the court.

The law provides (Wag. Stats. 850, sect. 20) that "all appeals allowed ten days before the first day of the term of the appellate court, next after the appeal allowed, shall be determined at such term unless continued for cause." This appeal was allowed ten days before the June term. The second day of June was the day before the first day of the

June term; the 1st of June was the second day before, etc.; and by counting backwards, we see that the 24th of May, on which the appeal was taken, was the tenth day before the June term. Taking the words as the statute (Wag. Stats. 887, sect. 6) requires, in the plain, ordinary, and usual sense, we think that the appeal was taken "ten days before the first day of the" June term. By computing thus we include the day on which the appeal was taken, and exclude the first day of the term. "In the computation of time," says Judge Bates, in *The State ex rel.* v. *Gasconade County*, 33 Mo. 102, "it is laid down, generally, that where the computation is to be made from an act done, the day when such act was done is included." In that case the candidate was required to file an oath five days before the election. The oath was filed on the 30th of October; the election was on the 4th of November. The court includes both the first and last day to prevent a forfeiture. But the general rule is to include the first and exclude the last day of the series, though our statute is, that the time within which an act may be done shall be computed by excluding the first day and including the last. Wag. Stats. 887, sect. 6.

We are referred by counsel for appellant to *Taylor* v. *McKnight*, 1 Mo. 120. The wording of the statute there construed is peculiar. It is that a writ of error applied for "within twenty days next preceding the term" shall be returnable to the second succeeding term. The court holds that the second day of October is the twentieth day preceding a term which begins on the 22d, as it clearly is; and that the writ, being tested on the 2d, and therefore after the twentieth day has begun, is within the twenty days, and should have been made returnable to the November, and not to the October, term. That ruling is not decisive of the question before us. An appeal allowed on the tenth day before the term is, in our opinion, allowed ten days before the term, according to the usual sense of the expression. Counsel for appellants think that an appeal is not taken ten

days before the term unless ten entire intermediate days are interposed between the day of appeal and the first day of the term ; but in this view of the meaning of the expression we do not agree with him.

In thus deciding, we lay down no general rule that the first day should be included in computing time. When, as in the present case, it is said that an act is to be done a certain number of days before a given date, we do not think that, in the plain meaning of the phrase, it is intended that both the date named and the day of doing the act should be excluded. What is to be done one day before the 10th of the month, according to the plain, ordinary meaning of the phrase, is to be done on the day before, — that is, on the 9th. But, as is said by Sir William Grant in *Lester* v. *Garland*, 15 Ves. Ch. 256, it is not necessary to lay down a general rule (as to excluding the day of the act) ; and whichever way the rule should be laid down, cases would occur, the reason of which would require an exception to be made. It is impossible to reconcile the cases as to the computation of time. Judge Gamble, in *Kimm* v. *Osgood*, 19 Mo. 60, states the rule that the day on which the act is to be done should be excluded ; and, as we have seen, Judge Bates, in *The State* v. *Gasconade County Court*, in a subsequent opinion, states the rule that the day of the act should be included. This rule is laid down in *Castle* v. *Burdett*, 3 Law Rep. 623, where it is said that, where the law requires that a month's notice of an action be given, the month begins with the day on which the notice should be served. The rule of including the day of performing the act is also adopted by Judge Story, as the common-law rule, in *Arnold* v. *United States*, 9 Cranch, 104, and is stated as a general rule in many American cases. What seems to us clear is, that where a time is limited to do an act before a date named, where nothing in the reason of the thing plainly requires the exclusion both of the day of the act and of the day before which the act is to be done, the mean-

ing of the Legislature will not be taken to be that both the days shall be excluded.

We think that the Circuit Court committed no error in sustaining the motion to affirm the judgment for failure to prosecute the appeal, and its judgment will therefore be affirmed. All the judges concur.