M. D. LEWIS, PUBLIC ADMINISTRATOR, Appellant, *v.* CONRAD SCHWENN ET AL., Respondents.

April 1, 1884.

1. MORTGAGES — LIMITATIONS. — The payment of a debt barred by the statute of limitations may be enforced by a foreclosure of a mortgage by which it is secured.

2. —— PRESUMPTIONS. — There is no presumption that a mortgage upon real property executed seventeen years previously, has been paid.

3. —— NOTICE — ADVERSE POSSESSION. — Possession of real estate upon which is a recorded and unsatisfied mortgage is not adverse to the mortgagee.

4. NEW TRIAL — MOTIONS — SUNDAYS. — Sundays are not to be counted in estimating the time within which motions for a new trial must be filed.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

E. P. JOHNSON, for the appellant: In computing the time within which a motion for new trial must be filed " Sunday or any other day, on which the court doth not sit, is not reckoned one of the four days." — Tidd's Practice (4th Am. ed.), side p. 903, and cases there cited ; *National Bank of the Metropolis* v. *Williams*, 46 Mo. 17, approved in *Patchin* v. *Bonsack*, 52 Mo. 433 ; *Clerks' Savings Bank* v. *Thomas*, 2 Mo. App. 367. The deed of trust was insufficient in itself to show authority in the trustee to sell, even if not objected to, as there was no provision in it making any recital by the trustee, evidence of

the fact so recited. — *Bartlett* v. *O'Donoghue*, 72 Mo. 563. And in the absence of such provisions in the deed of trust, such facts must be proved to authorize the trustee to sell, and there was no attempt to introduce such evidence, in this case. — *Vail* v. *Jacobs*, 62 Mo. 130. After ten years it will be presumed that the secured note has been paid. — *Cape Girardeau* v. *Harbison*, 58 Mo. 90 ; *Chouteau* v. *Burlando*, 20 Mo. 482. The possession of Engler under his deed, and that of his tenant or vendee, was notice to every one of his claim (*Black* v. *Long*, 60 Mo. 181 ; *Roberts* v. *Moseley*, 64 Mo. 507), in addition to the recital in the deed of trust being notice to all claiming under it, that the note was presumed to have been paid, recitals in a deed, or even in the acknowledgment being notice to all claiming title under it. — *Major* v. *Buckley*, 51 Mo. 227 ; *Muldrow* v. *Robinson*, 58 Mo. 331.

Aug. Rebenack, for the respondent.

Bakewell, J., delivered the opinion of the court.

This was ejectment for a tract of land in St. Louis county. The answer was a general denial. There was a trial by the court, a jury being waived, and the finding and judgment were for defendant.

It was stipulated that, on the 25th of January, 1862, J. Richard Barrett had good title to the property. Defendants admitted possession at the date of the suit. It appeared that plaintiff, as public administrator of the city of St. Louis, had charge of the estate of August Engler, deceased.

Plaintiff introduced a deed of J. Richard Barrett by the sheriff to August Engler, dated the 21st of March, 1867, recorded the 10th of June, 1867, conveying the premises in question, and also evidence tending to prove that, in the early summer of 1867, Engler took possession claiming to own the premises and retained possession until 1876, when he rented to Jacob Schwenn, the father of defendants, and

Schwenn remained in possession as tenant of Engler until July, 1879, when he gave up possession to defendants. Engler died in St. Louis in 1880.

Defendants offered in evidence a deed for the premises n question from J. R. Barrett to G. O. Kalb, trustee of James C. Sutton, dated the 25th of February, 1862, recorded the same day, to secure a note made by Barrett. The deed recites that Barrett is "justly indebted to Sutton in the sum of nineteen hundred and odd dollars, for which he executed his note to said party of the second part several years ago, which note bears interest from date, and is past due, but the said party of the third part has given an extension of time on the same until the 1st of June, 1863." The deed contains the usual provisions in deeds of trust to secure the payment of money. Defendants offered a deed of Kalb as trustee of Barrett to B. N. Sternberg, dated August 7, 1878, and recorded December 18, 1878, for the premises in question. This deed refers to the deed before recited, and is in the usual form of deeds of foreclosure. It was offered, together with the proof of publication. All of this testimony was admitted against the objection of plaintiff, that the deed of trust must be presumed in law to be satisfied at the date of the sale under it. Defendants also introduced a deed for the same premises from B. N. Sternberg and wife to them dated the 6th of July, 1879, and duly recorded.

Defendants also offered evidence tending to show that, in 1876, Jacob Schwenn took possession of the premises under a verbal agreement with Engler to purchase the premises of him for $600; but that he paid no part of the purchase-money, and delivered possession of the premises to defendants in July, 1879, when they purchased of Sternberg.

Plaintiff then asked instructions, which were all refused, to the effect: 1st. That the deed of Barrett by the sheriff to Engler was sufficient to vest title in Engler; that the other deeds in evidence should be excluded; and that, on

the evidence, plaintiff ought to recover. 2d. That, if Engler did various things (as to which there was no evidence and no admission), and held actual adverse possession for ten years by himself and his tenant, and then died, and plaintiff is his administrator, plaintiff ought to recover. 3d. That, if Engler took adverse possession in 1867, and held it till 1876, and then sold by verbal contract and gave possession to Schwenn, who held for ten years from 1867, and failed to pay the purchase-money, and Engler died in 1880, and plaintiff administered, plaintiff ought to recover.

1. Though a debt be barred by the statute of limitations, yet if it be secured by mortgage, its payment may be enforced so long as the mortgage is available. *Chouteau* v. *Burlando*, 20 Mo. 482. Thirty years has been held to be no bar to a foreclosure, where the mortgage was of wild land, there was no actual possession, and the debt was still unpaid. 20 Mo. 482.

When Engler purchased of Barrett in 1867, he bought with notice of the mortgage executed by Barrett. The note secured by that mortgage was not barred until 1873. We know of no rule of presumption of payment at the date of the foreclosure in 1876 which would operate, in the absence of any evidence of payment, to avoid that foreclosure. There seems to be no such presumption to stand in the way of enforcing the mortgage, as in this case, within seventeen years of its date. *Cape Girardeau* v. *Harbison*, 58 Mo. 90. As the possession of Engler was quite consistent with his holding subject to the incumbrance, of which he had notice when he bought, his possession was not necessarily adverse, and incompatible with the rights of the mortgagee. We see no reason for disturbing the judgment.

2. It is claimed by respondent that the motion for a new trial was not filed within four days; and he cites the recent decision of this court in *Cattell* v. *The Dispatch Publishing Co. (post*, p. —). We held in that case, that, when

the judgment was rendered on the 12th, a motion for new trial filed on the 17th was out of time, where it appeared that the last day of the interval was not a Sunday. Our attention was not called in that case to *National Bank* v. *Williams* (46 Mo. 17). This last case expressly holds, that no Sunday is to be counted in estimating the four days within which a motion for new trial must be filed. It is evident, therefore, that this point was wrongly ruled by us in *Cattell* v. *The Dispatch* (*supra*), and we take this occasion to say that that case, so far as it may appear to conflict with the rule laid down by the supreme court in this matter, by which we are bound, is overruled. The motion for new trial in the case at bar was filed within four juridical days.

The judgment is affirmed. All the judges concur.