JOHN M. BROWN *et al.*

*v.*

WILLIAM LEET.

*Filed at Ottawa January 22, 1891.*

APPEAL—*time of filing transcript of record—Sunday counted a day.* A Sunday is to be counted as a day of the term, under the statute fixing the number of days within which to file a transcript of the record, on an appeal to this court.

APPEAL from the Circuit Court of Stark county; the Hon. T. M. SHAW, Judge, presiding.

Mr. A. P. MILLER, Mr. B. F. THOMPSON, and Mr. C. C. WILSON, for the appellants.

Mr. Miles A. Fuller, for the appellee.

Per Curiam : A motion has been made to dismiss the appeal in this case, for the reason that the transcript of the record was not filed in the time required by law.　Section 72 of the Practice act requires "that transcripts or certified copies of the records of judgments or decrees appealed from, shall be filed in the Supreme or Appellate Court, as the case may be, on or before the second day of the succeeding term of said court : *Provided,* twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered, and the sitting of the court to which the appeal shall be taken ; but if ten days, and not twenty days, shall have intervened, as aforesaid, then the record shall be filed, as aforesaid, on or before the tenth day of said succeeding term, otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown."

The term of the circuit court at which the decree in this case was rendered, ended September 19, 1890.　The next succeeding term of this court commenced on the first Tuesday of October, which was October 7, 1890.　The transcript herein was filed October 17, 1890.　The only question arising on this motion is, whether the transcript was filed on or before the tenth day of the October term of this court.　If the intervening Sunday is to be counted as one of the days of the October term, then the transcript was not filed in the time, and the motion to dismiss must prevail.

A term of court is the period of time fixed by law for the hearing of causes and the transaction of judicial business therein.　The term as fixed by the statute is to commence upon a particular day, and after its commencement it continues, whether the court sits during the days composing it, or not.　A day may, therefore, be one of the days of a term

notwithstanding the court may not sit upon that particular day, and it can make no difference whether the failure of the court to sit, results from an adjournment by the court from one day over to another day in the same term, or because the intervening day is *dies non.* In the computation of the term all adjournments are to be included. (9 Watts, 200.) For most purposes a term of court is considered as one day, *(Chiniquy* v. *The People,* 78 Ill. 570,) but for the purposes of this section of the Practice act the term is made to consist of days, and the word "day" therein is used in its popular sense. The fact that Sunday is not a judicial day, does not, within the contemplation of this statute, render it any less a day of the term. As before said, if this court should adjourn on the first day of the term to the twentieth, the intervening days would be days of the term, and the adjournment would not dispense with the necessity of filing transcripts of the judgments and decrees appealed from, on or before the second or tenth days of the term, as it is provided shall be done.

It follows that the transcript in this case was not filed in the time required by law, and the appeal is dismissed, in compliance with the positive requirement of the statute.

*Appeal dismissed.*

Mr. JUSTICE BAKER, dissenting:

I do not concur in the conclusion reached by a majority of the court. The intervening Sunday was not a judicial day, and was not a "day of the term." That Sunday is *dies non juridicus,* has frequently been announced in this State. *Burton et al.* v. *City of Chicago,* 53 Ill. 87; *Chicago* v. *Vulcan Iron Works,* 93 id. 222; *Langabier* v. *Fairbury, Pontiac and Northwestern Railroad Co.* 64 id. 243; *Scammon* v. *City of Chicago,* 40 id. 146; *Baxter* v. *The People,* 3 Gilm. 368. In *Michie et al.* v. *Michie's Admr.* 17 Gratt. 109, it was expressly held that a Sunday which intervened between the first and tenth days of the terms was *dies non juridicus,* and therefore not

one of the days of the term of the court, and ought not to be counted as such. *Read's case*, 22 Gratt. 924, was to like effect. And in *Bouligny* v. *White*, 5 La. Ann. 31, it was held that the three days allowed by statute for filing the appeal, after the return day, were judicial days, and that an appeal was in time even if filed on the third judicial day. See, also, *Adams* v. *Dohrmann*, 63 Cal. 417; *Meng* v. *Winkelman*, 43 Wis. 41.

In view of the frequent previous decisions of this court that Sunday was not a judicial day, it seems to me manifest that the legislature, when they enacted that the record should be filed on or before the tenth day of the term, intended that Sunday should not be counted in computing the days of a term of a court. As I understand the law, Friday, October 17, 1890, was the "tenth day of the term" to which this appeal was returnable, and the statute provides that the transcript shall be filed "on or before" the tenth day of the term. If there had been an adjournment of the court from the first day of the term to the twentieth day of the month, it may be that Friday, the 17th, would nevertheless have been the tenth day of the term, but it would so have been because it was the tenth day in number, during the term, on which valid judicial proceedings could have been had, if the court had so elected. But here, Sunday was, in contemplation of the law, *dies non juridicus*,—a day on which it was legally impossible for the court to have transacted judicial business, and not a day of the term, and therefore it should be excluded in making the computation. Appellant, having filed a transcript of the record within the time limited by the mandate of the statute, has a statutory right to the benefit of his appeal.

I think that the motion to dismiss the appeal should be denied.