MELCHOIR HOSLI, Respondent, v. HENRY YOKEL, Appellant.

St. Louis Court of Appeals, April 17, 1894.

1. **Motion for New Trial:** INTERVENING SUNDAY. A party is entitled to four working days in which to file his motion for new trial; an intervening Sunday does not count.

2. **Annual Crops:** TIMOTHY: TRANSFER BY ORAL LETTING OF LAND. Timothy is an annual crop, and may, therefore, be sold as personal property. If an oral lease be made of the land while such a crop is growing thereon, the crop passes to the lessee in the absence of a reservation of it by the lessor.

3. ———: DAMAGES FOR WRONGFUL TAKING: RELEVANCY OF EVIDENCE. If a crop of timothy is wrongfully cut and taken, the measure of the damages is the value of the timothy in the meadow at the time of but without any increase resulting from, the cutting of it. Evidence of its value as hay has no tendency to establish these damages.

4. **Statute of Frauds:** ORAL LETTING OF FARM. The statute of frauds does not invalidate the oral lease of a farm for a term not exceeding one year.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*A. McElhinney* for appellant.

The alleged leasing of the meadow by the appellant to the respondent is an interest in land within our statute of frauds, and can not be proved by parol.

2 R. S., secs. 5182, 5186. This court and our own supreme court have put this construction on our statute. *Potter v. Everett*, 40 Mo. App. 161; *Fuhr v. Dean*, 26 Mo. 120; *Desloge v. Pearce*, 38 Mo. 588. Mr. Benjamin in his treatise on sales, at page 90, draws a distinction between grass, timber, fruit on trees and *fructus industriales*; and other authors and reports are to the same effect. 1 Washburn on Real Property [5 Ed.], t. p. 15; 3 Washburn on Real Property [5 Ed.], t. p. 365; *Slocum v. Seymour*, 36 N. J. 140; *McGregor v. Brown*, 10 N. Y. 114.

*D. C. Taylor* for respondent.

(1) Appellant's motion for a new trial was not filed within four days after the verdict and judgment for plaintiff, and was therefore insufficient. R. S. 1889, sec. 2243; *State v. Brooks*, 92 Mo. 542; *State v. Dusenberry*, 112 Mo. 277; *State ex rel. v. Mason*, 31 Mo. App. 211; *State v. Arnold*, 54 Mo. App. 660. (2) Growing crops are, for the purpose of a sale, personal property and such sale does not come within the statute of frauds. 4 Am. and Eng. Encyclopedia of Law, p. 893.

BOND, J.—This is an action upon an account for fourteen loads of timothy hay, brought by plaintiff against defendant in July, 1893, before a justice of the peace of St. Louis county where plaintiff recovered judgment, from which defendant appealed to the circuit court; and on a trial anew in that court plaintiff again recovered judgment, from which an appeal is taken to this court.

It was admitted on the trial that appellant cut and carried away about ten or eleven acres of standing and growing timothy on land, which respondent claimed under a verbal lease from appellant.

The evidence tended to show that the land so occupied by respondent was composed of lots 4, 5 and 6 of Conway's subdivision in St. Louis county, which had been let to respondent for farm purposes without any reservations on the part of the lessor (appellant); that the timothy in question had been sown for sometime prior to the date of the leasing, and that it was cut and removed by appellant about ten months after respondent had taken possession of the land.

Before considering the assignments of error urged by appellant, it is necessary to dispose of a preliminary question made by respondent on the state of the record. The record shows that the trial in the circuit court was had, and judgment rendered therein, on the twelfth day of October, 1893, and that during the term a motion for new trial was filed by appellant on the seventeenth day of October, 1893.

We judicially know that one of the days comprised within these dates was Sunday. It follows, therefore, that the objection made by respondent, that the motion for new trial was not filed within four days as required by the statute, is not well taken, since an intervening Sunday can not be counted in computing the number of days within which the motion for new trial must be filed.

In a case similar to the present, the supreme court used the following language: "It appears that the motion for new trial was filed on the fifth day after the verdict was rendered. Inasmuch as one of these days was Sunday, the motion was filed in time, it having been held by this court in the case of *National Bank v. Williams*, 46 Mo. 17, that, as to matters to be transacted in court, Sunday is *non dies*, and should not be counted. In moving for a new trial, or in arrest, the party is entitled to four working days, if the term shall so long continue." *Cattell v. Dispatch Pub. Co.*, 88 Mo. 360.

We proceed now to discuss the assignments of error urged by appellant.

The first assignment of error by appellant is that the alleged letting by respondent of the land upon which the timothy grew was evidenced by parol, and, therefore, invalid under the statute of frauds. R. S. 1889, secs. 5182, 5186.

Under the evidence in this case we are constrained to overrule this assignment of error. There was testimony tending to show that the land was let to plaintiff for farming purposes upon a reservation of rent, one-half payable in March, and the other half in September following. This would indicate that the letting, although by parol, was not for a longer time than one year. It was, therefore, clearly lawful under the statute of frauds. R. S. 1889, sec. 5186.

The second assignment of error is that the title to the timothy grass did not pass under the parol leasing of the farm. This theory is based upon a misconception of the law. Timothy is an annual crop, and may therefore be sold as personal property. *Garth v. Caldwell*, 72 Mo. 627. Under the parol lease, all such crops would pass to the lessee in the absence of a reservation by the lessor.

A third assignment of error is that the judgment herein is excessive. This assignment is well taken. There is no legal evidence in the record of any damages. The proper measure of damages in this case was the value of the *timothy* in the meadow at the time it was cut. The only testimony given as to the value was estimates of the value of the *hay* by the load.

This evidence had no tendency to fix the value of the timothy in the field before the labor of cutting, curing and marketing had been superadded. The

instruction of the learned judge was also erroneous in not stating the proper measure of damages.

The result is that the judgment herein is reversed and the cause remanded. All concur.