B. ALBERT LIEBERMAN, Respondent, v. A. D. FINDLEY, et ux., Appellants.

Kansas City Court of Appeals, April 30, 1900.

1. **Justices' Courts: APPEALS: COMPUTATION OF TIME: JURISDICTION.** On the 30th of September an appeal was taken from a justice to the circuit court which convened on the 10th of October following: Held: The appeal was returnable to that term of the court which thereupon acquired jurisdiction to try the same.

2. ————: ————: ————: SUNDAYS. In computing time the general rule is to include the first day and exclude the last, but our statute excludes the first and includes the last, and Sunday should be counted except it be the last day.

3. ————: ————: NOTICES. Appeals taken on the day of trial require no notice.

4. ———: ———: FAILURE TO APPEAR: SURPRISE. Where the court acquires jurisdiction on an appeal the defendant can not justify a failure to appear at the trial on the ground of surprise, and if not ready for trial then he should present his reasons when the case is called.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*O. T. Knox* for appellants.

(1) The case was not triable at the October term, 1898. The appeal was not "allowed ten days before the first day of the October term" as required by section 6341, Revised Statutes. The construction prescribed by section 6570, Revised Statutes, fourth sub-division, enforces this count. The court has no discretionary power. 26 Am. and Eng. Ency. of Law, pp. 3 to 5, and notes, especially note 1, page 5. Knapp v. Skeele, 31 Mo. 434.

*J. L. Lorie* for respondent.

(1) All appeals allowed ten days before the first day of the term of the appellate court next after appeal allowed, shall be determined at such term, unless continued for cause. R. S. 1889, sec. 6341. (2) If the appeal be allowed on the same day on which the judgment is rendered, no notice of the appeal need be served on the appellee. R. S. 1889, sec. 6342. (3) In the computation of time, where the computation is to be made from an act done, the day when such act was done is included. Reitermeyer v. Gasconade Co., 33 Mo. 102; Bailey v. Lubke, 8 Mo. App. 57; Mansur & Co. v. Hucht, 32 Mo. App. 153; St. Louis v. Bambrick, 41 Mo. App. 648; English v. Osburn, 59 Ga. 392; Northrop v. Cooper, 23 Kan. 432. (3) In computing the number of days preceding the term of court in which an appeal must

be taken from a justice of the peace to make it returnable to that term, the Sundays intervening between the date of taking the appeal to the next term are to be counted; and this is true even if the tenth or last day before the commencement of the term falls on Sunday. Bank v. Williams, 46 Mo. 20; Heard v. Phillips, 101 Ga. 691; Merritt v. Bank, 100 Ga. 147. (4) If parties by negligence suffer a judgment by default to go against them, it will not be set aside to admit a defense which the parties might have made had they used diligence. Weimer v. Morris, 7 Mo. 6; Green v. Goodloe, 7 Mo. 25; Field & Cathcart v. Matson, 8 Mo. 686; Stout v. Calver, 6 Mo. 254; Castlio v. Bishop, 51 Mo. 162; Florez v. Uhrig, 35 Mo. 517; Bosbyshell v. Summers, 40 Mo. 172; Lamb v. Nelson, 34 Mo. 501; Jacob v. McLean, 24 Mo. 40; Fretwell v. Laffoon, 77 Mo. 26; Brolaski v. Putnam, 34 Mo. 459; Laurent v. Mullikin, 10 Mo. 495; Pry v. Railroad, 73 Mo. 123; Robyn v. Pub. Co., 127 Mo. 885; Wagemann v. Jordan, 19 Mo. 503; Christy's Adm'r. v. Myers, 21 Mo. 112. Ignorance of the law does not excuse a party from the exercise of that diligence. Green v. Goodloe, 7 Mo. 25. Neither does the illness of the defendant. Florez v. Uhrig, 35 Mo. 520. (5) And the appellate court will not review the discretion of the inferior court in refusing to set aside a default, unless manifest injustice has been done. Florez v. Uhrig's Adm'r., 35 Mo. 517; Jacob v. McLean, 24 Mo. 40; Field v. Matson, 8 Mo. 686; Kerby v. Chadwell, 10 Mo. 392; Gehrke v. Jod, 59 Mo. 522.

SMITH, P. J.—On September 30, 1898, the plaintiff obtained a judgment against defendants before a justice of the peace on an account for medical services. On the same day the defendants took an appeal from the judgment of the justice to the circuit court.

The next term of the circuit court, under the statute, began on the tenth day of October, following. The cause

was docketed and tried in the circuit court at said October term. The defendants failed to appear in the case in that court until after the judgment there was rendered against them. They now assail the judgment for irregularity, claiming that the appeal was not returnable to the said October term, but to the next succeeding term. This objection goes, of course, to the jurisdiction of the court. If the appeal was not returnable to the October term, but to the next succeeding term, then, most clearly, the appeal was ineffectual to remove the cause into that court at the said October term, and therefore the court was then without appellate jurisdiction.

The question thus raised by the defendants must be determined with reference to the statute, which provides: "All appeals allowed ten days before the first day of the term of the appellate court next after the appeal is allowed shall be determined at such term, unless otherwise continued for cause." R. S. 1889, sec. 6341. Was the appeal here allowed ten days before the first day of the term of the appellate court next after the appeal was allowed? It is seen that if we count the day on which the appeal was allowed that ten days remain, or, if we exclude the first day of the appellate court next after the appeal was allowed, then ten days also remain. In the computation of time, the general rule is to include the first and exclude the last day of the series. Our statute is, that the time within which an act may be done shall be computed by excluding the first day and including the last; if the last day be Sunday it should be excluded. R. S. 1889, sec. 6570. In Bailey v. Lubke, 8 Mo. App. 57, it was held that an appeal allowed May 24, is taken ten days before the first day of a term commencing June 3. That case was similar to this in its essential features and therefore the ruling therein made must dominate this.

In computing time under a statute, Sunday will be

counted unless expressly excepted. Clapton v. Taylor, 49 Mo. App. 117; St. Joseph v. Landis, 54 Mo. App. 315. And in computing the time limited for perfecting appeals from a justice, Sunday is to be included—it is not a *dies non.* Patchin v. Bonsack, 52 Mo. 431. So that it is plain enough that, according to the rules just referred to, if the intervening Sundays be included, as they must, the appeal was allowed ten days before the first day of the term next after it was allowed, and therefore it had the effect to give the court to which it was removed jurisdiction at the term it was tried.

The appeal was taken on the day of the trial, and for that reason the defendants were not entitled to other notice thereof. R. S. 1889, sec. 6342.

The judgment is not subject to the objection for irregularity which the defendant has lodged against it. If, when the cause was called for trial, the defendants did not appear in person or by attorney, they have only themselves to blame. They were not precluded from so doing in consequence of any want of adherence to any prescribed rule or mode of proceeding, either in omitting to do something that was necessary for the due and orderly conducting of the suit, or doing it in an unseasonable time or improper manner; and they are therefore not in a position to complain of the action of the court. In view of the law, as it has just been stated to be, it is clear that the defendants can not be heard to claim that they were surprised by the action of the court in proceeding to judgment in the case. Nothing appears either in the motion to set aside the judgment or in the affidavits filed in support thereof to justify us in disturbing the judgment. If the defendants, or either of them, were at the time of the trial sick, and for that reason unable to attend the same, and really had a meritorious defense to the plaintiff's action, they ought, through their attorney, to have

presented the facts to the court and have requested a post-
ponement of the trial or continuance of the cause, and fail-
ing to do that, the court could not do otherwise than proceed
regularly with the cause to trial. In consequence of this
neglect of the defendants or their attorneys we are not will-
ing to say that the court erred in refusing to set aside the
judgment. Florez v. Uhrig, 35 Mo. 517.

The evidence preserved by the bill of exceptions is
ample to support the verdict and the judgment must accord-
ingly be affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.