A. T. & S. F. Ry. Co. v. Solorzano, 21 N. M. 503.

[No. 1818, February 21, 1916.]
[On Motion for Rehearing, March 28, 1916.]
ATCHISON, TOPEKA & SANTA FE RAILWAY CO. v. SOLORZANO.

SYLLABUS BY THE COURT.

In computing the time allowed for filing a motion for new trial, an intervening Sunday must be included; and, where such motion is filed on the Wednesday next succeeding the Thursday on which the verdict was returned, it is not within the five days prescribed by subsection 160 of section 4226, Code 1915

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by Apolinar Solorzano against the Atchison, Topeka & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

H. B. JAMISON of Albuquerque, for appellee.

Motion for a new trial was not filed in time.
Sec. 2900, C. L. 1897; Schofield v. Slaughter, 9 N. M. 424; 28 Cyc. 332; Cressey v. Parks, 75 Me. 387, 46 Am. Rep. 406; Corey v. Hiliker, 15 Mich. 314; Taylor v. Corbiere, 8 How. Pr. (N. Y.) 385; Whipple v. Williams, 4 How. Pr. (N. Y.) 281; Charles v. Stanbury, 8 Johns,

A. T. & S. F. Ry. Co: v. Solorzano, 21 N. M. 503.

(N. Y.) 261; Swift v. Wood, 103 Va. 494, 49 S. E. 643; Van Laer v. Kan. Trip Hammer Brick Wks., 56 Kan. 546, 43 Pac. 1134.

W. C. REID and C. M. BOTTS, both of Albuquerque, for appellant.

Intervening Sunday is not included in time computation where same is less than a week, but is excluded.

·Clerks' Savings Bank v. Thomas, 2 Mo. App. 367; National Bank v. Williams, 46 Mo. 17; Lewis v. Schwemm, 15 Mo. App. 342; Holsi v. Yokel, 57 Mo. App. 622; State v. Harris, 121 Mo. 445; Cattell v. Dispatch Publishing Co., 88 Mo. 356; Long v. Hawkins, 178 Mo. 103, 77 S. W. 77; State v. McGowan, 62 Mo. App. 625; 14 Ency. P. & P. 866; State v. Michel, 49 L. R. A. 226; Haley v. Young, 134 Mass. 366; Anonymous, 2 Hill, 375; Thayer v. Felt, 4 Pick. 354; Hannum v. Tourtellott, 10 Allen, 494; Cunningham v. Maham, 112 Mass. 59; 78 Am. St. Rep. 378, note; Meng v. Winkleman, 43 Wis. 41; Ridgley· v. State, 7 Wis. 661; Penniman v. Cole, 8 Met. 496; Neal v. Crew, 12 Ga. 100; Caupfield v. Cook, 92 Mich. 15.

### OPINION OF THE COURT.

ROBERTS, C. J.—This is an appeal by the Atchison, Topeka & Santa Fé Railway Company, defendant below, from an order of the district court of Bernalillo County, overruling appellant's motion to set aside final judgment rendered against it in an action by appellee for damages alleged to have occurred by reason of personal injuries suffered by appellee at the hands of appellant.

The verdict of the jury was returned on the 1st day of April, 1915, in favor of the plaintiff, assessing his damages against the defendant at $775. Thereafter, on Wednesday, April 7th, appellant filed a motion for a new trial. On the 12th day of April, the court, without taking any action on said· motion or upon the motion filed by appellee to strike the same because it had not been filed in time, rendered final judgment in said cause in

favor of appellee, in accordance with the verdict. Two days thereafter appellant filed its motion to set aside the judgment on the ground that at the time said judgment was entered there was pending and undisposed of in said cause a motion for new trial, and that said final judgment contained a finding of the court that said motion for new trial had not been filed within the time required by law, when, as a matter of fact, less than five judicial days had expired at the time said motion for a new trial was filed. This motion was overruled by the court, and it is the action of the court in overruling this motion which appellant desires to have reviewed on this appeal. Appellee has filed a motion to dismiss the appeal on various grounds, based principally on the insufficiency of the transcript of record, which appellant has filed in this court. Appellant has filed a brief on the merits, and appellee likewise has fully discussed the merits of the appeal, and as the cause must be affirmed on the merits, we will not consider the various grounds presented by appellee for a dismissal.

By subsection 160 of section 4226, Code 1915, it is provided:

"All motions for new trials in cases tried by juries shall be filed during the term of court at which the case is tried, and within five days after the rendition of the verdict or finding."

The verdict was returned on Thursday, and the motion for new trial was filed on the first Wednesday thereafter; hence more than 5 days had elapsed when the motion was filed. Appellant, however, contends that there is a well-settled rule of law, independent of any statute, that when a limitation of time is fixed within which a particular act may or may not be done, if the time limited exceeds a week, an intervening Sunday is included in the computation, but if the time limited is less than a week, such intervening Sunday is excluded. In support of this rule the following authorities are cited: Clerk's Savings Bank v. Thomas, 2 Mo. App. 367; National Bank v. Williams, 46 Mo. 17; Lewis v. Schwenn, 15 Mo. App. 342; Holsi v.

Yokel, 57 Mo. App. 622; State v. Harris, 121 Mo. 445, 26 S. W. 558; Cattell v. Dispatch Publishing Co., 88 Mo. 356; Long v. Hawkins, 178 Mo. 103, 77 S. W. 77; State v. McGowan, 62 Mo. App. 625; 14 Enc. P. & P. 866; State v. Michel, 52 La. Ann. 936, 27 South. 565, 49 L. R. A. 226, 78 Am. St. Rep. 364; Haley v. Young, 134 Mass. 366; Anonymous, 2 Hill (N. Y.) 375; Thayer v. Felt, 4 Pick. (Mass.) 354; Hannum v. Tourtellott, 10 Allen (Mass.) 494; Cunningham v. Mahan, 112 Mass. 58, 78 Am. St. Rep. 378, note; Meng v. Winkleman, 43 Wis. 41; Ridgley v. State, 7 Wis. 661; Penniman v. Cole, 8 Metc. (Mass.) 496; Neal v. Crew, 12 Ga. 93.

That such was the rule at common law is apparent from an examination of the above authorities, but in this state we have a statute (section 5424, Code 1915) which prescribes certain rules for construing statutes, by the seventh subdivision of which it is provided as follows:

"In computing time the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday."

This statute, we think, changes the common-law rule, and requires the court to include intervening Sundays in computing time, and the statute itself provides the only case wherein Sunday is to be excluded. This being true, appellant's motion was not filed within the time required; hence the court properly disregarded it and entered judgment in favor of appellee. Our conclusion is supported by all the authorities passing upon the question under similar statutes, which have been called to our attention, with the exception of the Missouri cases hereinafter discussed.

In the case of Svea Ins. Co. v. McFarland, 7 Ariz. 131, 60 Pac. 936, the court said:

"It is argued by counsel for plaintiff in error that the judgment being rendered on Saturday, the 8th, and the next day being Sunday, they were allowed Monday and Tuesday in which to file a motion for a new trial; and they cite cases from some states which have a rule that, where a statute requires a thing to be done within a short period of time, if

Sunday or a holiday comes within that period it is excluded. No such rule exists in Arizona. It is fixed by statute to the contrary. Paragraph 920, Rev. St. (a part of the same title in which the practice in regard to motions for new trial is prescribed), provides: 'The time in which any act provided by law is to be done is to be computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded.' If the Legislature had intended to exclude an intermediate holiday it would have done so."

In the case of Van Laer v. Kansas Trip Hammer Brick Works, 56 Kan. 545, 43 Pac. 1134, the Supreme Court of Kansas said:

"The judgment was rendered on Saturday, however, and the plaintiffs in error contend that the Sunday following should be excluded from the computation, thus allowing three court days after the date of the judgment for filing the motions. This would be allowable in Missouri, Georgia, and perhaps some other states. Bank v. Williams, 46 Mo. 17; Cattell v. Publishing Co., 88 Mo. 356; Neal v. Crew, 12 Ga. 93. Our statute governing the subject (Civ. Code, § 722) enacts that 'the time within which an act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday it shall be excluded.' Under identical statutes in New York and Indiana, it has been held that, while Sunday is excluded if the last day, yet it is included if an intervening day. Taylor v. Corbiere, 8 How. Prac. [N. Y.] 385, and cases cited; English v. Dickey, 128 Ind. 174, 182, 27 N. E. 495 [13 L. R. A. 40]. We hold the latter to be the true construction of our statute, and, although not expressly decided, it has been assumed by the courts, and accepted generally by the profession, as the correct interpretation. The Legislature, having Sunday in mind, provided for its exclusion when the last day, and it is presumable that its inclusion was intended when an intervening day."

While the question has never been heretofore expressly decided in this jurisdiction, the territorial Supreme Court, in the case of Schofield v. Slaughter, 9 N. M. 422, 54 Pac. 757, in discussing the statute which required a motion for new trial to be filed within five days, said:

"The language of this section is unambiguous, and requires motions for new trials to be filed within five days after the rendition of the verdict."

No exception to the rule was stated.

In the case of Pickering v. Current, 16 N. M. 37, 113 Pac. 619, the territorial Supreme Court, in considering section 3244, C. L. 1897, which required that services of a summons be made 5 days before the return day, held that service had any hour of November 19th was sufficient for any hour of November 24th as a return day. In that case the question involved was as to whether November 24th, which was Thanksgiving Day, should be counted. The court held that it should, and that full 5 days notice required by the statutes had been given, which was erroneous if the intervening Sunday should have been excluded. While this point was not raised in the case, still it appears that the court assumed that Sunday should be counted as one of the 5 days.

The only authorities cited under a statute similar to our section 5424, which are at variance with the views herein expressed, are those from Missouri. That court, in the case of National Bank of Metropolis v. Williams, 46 Mo. 17, held that in moving for a new trial, or in arrest, the parties should be entitled to 4 working days after trial if the term should so long continue, and that this rule was not annulled by the operation of the statute, which, while not worded in the same language as our statute above referred to, yet in effect was identical. The court based this decision upon the rule of common law which of course was uninfluenced by statute. The Supreme Court of Missouri has, we believe, uniformly adhered to this rule.

The Court of Appeals of Missouri, in the case of Cattell v. Dispatch Publishing Co., 15 Mo. App. 587, held that where a judgment was rendered on the 12th, a motion for a new trial filed on the 17th was out of time, where it appeared that the last day of the interval was not a Sunday. However, in the case of Lewis v. Schwenn, 15 Mo. App. 342, the court said that in the Cattell Case its attention had not been called to the case of National Bank v. Williams, 46 Mo. 17, which expressly held that no Sunday was to be counted in estimating the 4 days within which a motion for a new trial must be filed. The

rule in Missouri, however, seems to be limited only to mo-
tions for new trial, for in the case of City of St. Joseph
ex rel. v. Landis, 54 Mo. App. 315, it was held that in
computing statutory time, Sunday is to be included. In
the case of Warner v. Donahue, 99 Mo. App. 37, 72 S.
W. 492, the court, after referring to the statute which pro-
vides "that the time within which an act is to be done
shall be computed by excluding the first day and includ-
ing the last, if the last day be Sunday it shall be ex-
cluded," and to the case of Patchin v. Bonsack, 52 Mo.
431, and Lieberman v. Findley, 84 Mo. App. 384, said:

"The statute and these decisions are against defendant's
contention and we hold that they did not perfect their appeal
within six days from the rendition of the judgment by the
justice."

Hence it would appear that the courts of that state ap-
ply one rule as to time when it relates to a motion for a
new trial, and another rule relating to the time within
which an appeal may be perfected.

This being the only point involved in this appeal, and it
appearing that the trial court properly refused to consider
the motion for a new trial, the judgment will be affirmed;
and it is so ordered.

HANNA and PARKER, J.J., concur.

## ON MOTION FOR REHEARING.

ROBERTS, C. J.—Appellant, in a motion for rehear-
ing, contends that the statutes construed by the court in
the original opinion herein were taken from Missouri, and
that this court is bound by the construction given such
statutes by the highest court of that state at the time of
such adoption. It is true a large portion of our Code of
Civil Procedure and many of our statutes were taken
from Missouri, but the sections under consideration in
the original opinion herein were not. Sections 4225,
4226, and 4228, Code 1915, are exact copies of four para-
graphs of rule 29 of the rules of practice prescribed for
the district courts of New Mexico by the territorial Su-

preme Court, adopted August 26, 1893. The rule and the sections of our Code differ materially from the provisions found in this regard in the statutes of Missouri; hence there is no justification for the contention that these sections of the Code were taken from that state.

Section 5424, Code 1915, prescribing the rules of statutory construction, was first adopted by the territorial Legislature February 12, 1880, and is almost an exact copy of similar provisions found in the Code of Iowa of 1851 on page 6, with the exception of the seventh subdivision of our section 5424, which does appear, however, in language of similar import on page 337 of the Code of Iowa of 1851 as section 2513. The later Code of 1873 of Iowa shows this provision as to the computation of time under the head of "Construction of Statutes," as subsection 23, in the same identical language as is subsection 7. It is very evident that the act of February 12, 1880, was copied from the Iowa statute. Section 3226, Revised Statutes of Missouri of 1879, prescribing the rules of statutory construction, is altogether different. In the case of German Savings Bank v. Cady, 114 Iowa, 228, 86 N. W. 277, the Supreme Court of that state, in speaking of the time within which a motion for a new trial must be filed, said:

"In computing the three days within which the motion is to be filed, Sunday is not to be excluded, nor days on which the court is not in session by reason of a recess."

For the reasons stated, we adhere to our former opinion.

HANNA, J., concurs.

PARKER, J., being absent, did not participate in this opinion.