BENJAMIN PHILIBERT ET AL., Respondents, *v.* CHARLES H. BURCH, Appellant.

### November 20, 1877.

1. Where the petition alleges a direct undertaking by the defendant, and the reply charges a guaranty only, this is a departure, and the reply may be stricken out on motion. If there be no motion to strike out, the defect will be cured by verdict.

2. Where a written instrument is so ambiguous in its terms that it may be considered either a guaranty or a direct undertaking, according to the circumstances under which it was given, and the testimony as to these circumstances is conflicting, it is error to give instructions based upon the assumption that the contract was a direct undertaking; but the question of direct undertaking or guaranty should be directly submitted to the jury, on proper instructions.

3. Where parol testimony is not inconsistent with a written instrument, it is admissible to apply such instrument to its subject.

4. Points not made in the court below will not be examined on appeal.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

G. A. CASTLEMAN, for appellant: Guaranty. — *Rankin* v. *Childs*, 9 Mo. 673; *Central Savings-Bank* v. *Shine*, 48 Mo. 456; 2 Pars. on Con. 18; 2 Story on Con., sec. 1123. When plaintiff sets up a contract in his petition, he cannot recover on a different contract, though it be set up in the defendant's answer. — *Perry* v. *Barret*, 18 Mo. 145. Pleadings; departure. — *The State* v. *Grimsley*, 19 Mo. 177; *Sterns* v. *Patterson*, 14 Johns. 132; *Palmer* v. *Stone*, 2 Wilson, 96. Principal and surety. — *Brown* v. *Riggin*, 3 Kelly (Ga.), 505; *Long* v. *Brovam*, 3 Stockt. 59; *Hubbon* v. *Carpenter*, 5 Barb. 520.

PARISH & GRIFFIN, for respondents: Guaranty. — *Hutchinson* v. *Moody*, 18 Me. 393; *Hunt* v. *United States*, 1 Gall. 32; *Naylor* v. *Moodey*, 3 Blackf. 93; *Hunt* v. *Bridgham*, 2 Pick. 581; *Fuller* v. *Milford*, 2 McLean, 74. Points not made in the trial court will not be noticed by an appellate court. — *Case* v. *Fogg*, 46 Mo. 44.

LEWIS, P. J., delivered the opinion of the court.

The petition states, in substance, that the plaintiffs, Philibert & Johanning, a partnership firm, are the successors of Philibert & Branconnier, who, in 1872, contracted with defendant for the sale and delivery to him of certain manufactured lumber and materials, to be used in the building of a female academy at Fulton, for which defendant was to pay them $3,000; that plaintiffs have, by assignment, succeeded to all the rights of Philibert & Branconnier in the contract; that on May 31, 1872, " by authority and direction in writing, of that date, signed by defendant, said Philibert & Branconnier were ordered to deliver said work to Wright & Bell, of Fulton, Missouri, but that said defendant, in and by said order or agreement therein contained, obligated and held himself responsible for the payment of said work to said Philibert & Branconnier;" that

all the work and materials were accordingly furnished to Wright & Bell, who had paid on account thereof $1,550; that plaintiffs had demanded the remaining $1,450 of Wright & Bell and of defendant, but the same yet remained unpaid, etc.

The answer admits the making of the original contract, and avers that defendant was at that time contractor for building the female academy at Fulton; that, subsequently, Wright & Bell became the contractors in his stead, and thereupon, by agreement of all parties concerned, defendant's contract with Philibert & Branconnier was transferred to Wright & Bell, and the account was opened in their names, they becoming, in defendant's stead, the debtors and obligors for the work and materials to be furnished; that thereafter, upon the request of Philibert & Branconnier, defendant signed the paper mentioned in the petition, as a guarantor merely; that Wright & Bell were at that time fully solvent, and that Philibert & Branconnier, moreover, could have protected themselves by a lien on the academy at Fulton; but that, by negligence and a failure to exercise any reasonable diligence whatever, they had failed to collect their demand of Wright & Bell, whereby the defendant was discharged.

The reply admitted that the contract with Philibert & Branconnier was transferred to Wright & Bell, but "only upon condition that defendant became responsible therefor, as averred in the petition; and thereupon defendant signed the agreement on which this suit is instituted, and was, for and on account thereof, always held and regarded as liable to plaintiffs."

The issues were tried by a jury, whose verdict was for the plaintiffs. Defendant moved in arrest of judgment, alleging a departure in the plaintiffs' pleadings. The petition declares upon a direct undertaking by the defendant, and seems to treat the paper signed by him as a mere direction of the mode of delivery of the lumber for which he was to

pay as purchaser. The reply, admitting that the defendant's original contract was transferred to Wright & Bell, plainly declares, in effect, that the defendant thereupon ceased to be a direct obligor. His subsequent responsibility, therefore, could be that of a guarantor, only, for his successors. The allegation of a condition that he became responsible "as averred in the petition" can avail nothing. If this relates to the original undertaking, there is an incongruity; since that was complete long before the transfer. If it relates to the time of the transfer, there is still an inconsistency; for, by the terms in which the transfer is described and admitted, there arose new and different relations among the parties, about which the petition avers nothing. The direct obligation of a principal, as set forth in the petition, constitutes a different cause of action from the contingent liability of a guarantor, which appears in the reply. This is a clear case of departure. A motion to strike out the reply would properly have been sustained. But no such motion having been filed, this defect was cured by the verdict.

The paper referred to in the pleadings was as follows:

"ST. LOUIS, May 31, 1872.

" *Messrs. Philibert & Branconnier:*

"You will deliver the work you are to furnish me for the female academy at Fulton, Missouri, as per agreement, to Wright & Bell, of Fulton, Mo., who will receive said work and pay for same as it progresses. I hold myself responsible for the payment of said work to you.

"CHAS. H. BURCH.

" J. H. JOHANNING, *Witness.*"

The rule which denies the admission of parol testimony to explain, modify, or contradict the terms of a written instrument is not always applied to exclude proof of extrinsic circumstances showing the existing relations of the parties, for the purpose of determining whether an obligation in writing was executed as a guaranty or as a direct

undertaking. In *Rankin* v. *Childs*, 9 Mo. 665, the attendant circumstances of the transaction were fully considered by our Supreme Court, as serving to show that the instrument sued on was intended to operate as a guaranty only. It has long been a familiar practice to prove by parol that one whose name appears signed as a principal is really but a surety. In *Noonan* v. *Lee*, 2 Black, 499, the rule is stated that parol evidence not inconsistent with a written instrument is admissible to apply such instrument to its subject. Said Parke, B., in *Goldshede* v. *Swan*, 1 Exch. 154, "You cannot vary the terms of a written instrument by parol evidence. That is a regular rule. But if you can construe an instrument by parol evidence, where that instrument is ambiguous, in such a manner as not to contradict it, you are at liberty to do so."

We consider the instrument here before us as, at least, sufficiently ambiguous in its terms to make it either a guaranty or a direct undertaking, according to the circumstances under which it was given. If the defendant, continuing to need the materials contracted for, had intended to direct their delivery, merely, to Wright & Bell, as his agents, who would be authorized to pay for them in the same capacity, the writing, in every word and line, would have been perfectly adapted to such an intent, without any change of his position as the principal undertaker. But if, by a common understanding among the parties, he ceased to be a direct obligor, his position and responsibility being fully assumed by Wright & Bell, the instrument was equally adapted to express his undertaking and guaranty that they would faithfully perform their engagements. So that the true test of the nature of the defendant's obligation is to be found in the enquiry whether there was or was not, with the consent of all parties, a complete transfer of his original contract with Philibert & Branconnier to Wright & Bell. On this issue of fact the testimony was conflicting.

The Circuit Court appears to have treated the case as one

of direct undertaking, and not of guaranty. The jury were instructed to disregard all evidence touching the plaintiffs' failure to file a mechanic's lien. This was wholly inconsistent with the defendant's rights, if his position was that of a guarantor. The instructions asked for by defendant and refused were equally unfair for the plaintiffs' case, if the defendant was a principal obligor. They each assumed, as a fact established, that the contract was one of guaranty only. Thus the court took from the jury a material issue of fact, and the defendant essayed to do the same thing, but to a contrary effect.

In our view of the case, the question should have been distinctly put to the jury for their determination, whether, as a matter of fact, a new contract or agreement was entered into, whereby Wright & Bell were substituted for the defendant, as original and principal obligors to Philibert & Branconnier. If, on this issue, the finding were affirmative, it would be the further duty of the jury, under proper instructions, to determine whether, by negligence or bad faith of the plaintiffs in pressing their claim against Wright & Bell, or in properly using the securities within their control, the defendant's liability as guarantor was discharged. If the finding were negative, the plaintiffs' claim would be unencumbered by any such considerations.

A point is here made by defendant on the fact that the plaintiffs appear as assignees of Philibert & Branconnier, and not as the original contractors with defendant. It is claimed that no transfer will be recognized of rights dependent upon a guaranty. If this position had been properly taken in the Circuit Court, it would still be unavailing unless it were first established that the defendant was a mere guarantor. But the point was not presented at all in the Circuit Court, and is, therefore, not subject to examination here.

All the judges concurring, the judgment is reversed and the cause remanded.