CATTELL, Appellant, v. THE DISPATCH PUBLISHING COMPANY.

1. **Civil Practice ; VERDICT.** A jury in an action for libel returned into court a verdict, "We find no cause of action," and on their attention being called by the court to its insufficiency, and that it should be in form a finding for the defendant, they declined to make the change. *Held*, that it was the duty of the court to direct the jury to retire to further consider their verdict, and to return one in proper form for plaintiff or defendant.

2. ———— : ————. Where a verdict is imperfect and informal the court may direct the jury to amend it, and may direct them to return to the jury room for that purpose.

3. ———— : ————. It is the duty of the court to see that improper and informal verdicts are not entered on its records.

4. **Motion for New Trial : PRACTICE.** A party is entitled to four working days within which to move for a new trial or in arrest of judgment. Sundays should not be counted.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Brown & Hamm* for appellant.

(1) The court erred in withdrawing an instruction from the jurors after they had retired to deliberate on

their verdict.   Thompson on Charging the Jury, p. 131.
(2) The court had no right whatever to direct the jurors
as to which party they should find for, and when the
court suggested to the jury that their verdict should be,
" We, the jury, find for the defendant," it was error, and
tended to prejudice the jury against the plaintiff, and in
favor of the defendant.   Thompson on Charging the
Jury, sec. 54 ; Proffat on Jury Trials, sec. 457.   If the
court was dissatisfied with the verdict as rendered by the
jury, it was the duty of the judge to either discharge
the jury, or send them back for further deliberation.
(3) The verdict is utterly senseless and outside the pro-
vince of the jury.   Whether the plaintiff had a cause of
action is a question of law and not of fact ; and the court
had already ruled that there was a cause of action.
Proffat on Jury Trials, secs. 382, 375.   (4) The verdict
was insufficient to support the judgment.   Bishop's C,
P., sec. 1004 (2 Ed.) ; Hawkin's Pleas of Crown, p. 622.
note 2.   (5) The court erred in refusing to give to the
jury the instructions asked by plaintiff.   (6) The court
erred in computing the time within which the motion for
a new trial should have been filed, and in overruling said
motion on the ground that the same was not filed within
the time allowed by law ; and the court of appeals erred
in holding that said motion was not filed within the time
allowed by law.   *Nat. Bank v. Williams*, 46 Mo. 17.
(7) The court erred in refusing to grant a new trial on the
ground that the defective verdict was not taken advan-
tage of by a motion in arrest of judgment, and the court
of appeals erred in holding that a new trial was properly
refused, owing to plaintiff's failure to file a motion in ar-
rest of judgment.

*Dyer, Lee & Ellis* for respondent.

(1)   The manifest meaning of the language used by
the jury in framing their verdict, is that the plaintiff had
no cause of action on the evidence in the case.   This is

equivalent to a verdict against the plaintiff, and to one in favor of the defendant, and although informal is in substance sufficient.    *Parmelee v. Smith*, 21 Ill. 620 ;. *Petters v. Bingham*, 10 N. H. 514 ; *Simmons v. Raiden*, 9 Ga. 543 ; *McRae v. Calcalough*, 2 Ala. 74 ; *Jones v. Julian*, 12 Ind. 274 ; *State, etc., v. Knight*, 46 Mo. 83 ;. *Carter v. Blankenship*, 3 Mo. 583 ; *Longacre v. State*, 2 How. [Miss.] 637 ; 2 Hilliard on New Trials, 133 ; *Schaabs v. Wheel Co.*, 56 Mo. 173 ; *Edwardson v. Garnhart*, 56. Mo. 81.    (2) The objection to the form of. the verdict can only be raised by motion in arrest of judgment, and no$_t$. by motion for a new trial. *Erdbruegger v. Meier*, 14 Mo : App. 258 ; *Finney v. State*, 9 Mo. 225.    (3) The instructions given fully presented all the law there was in the case, and more favorably than plaintiff was entitled to.

   NORTON, J.—This is an action for libel, in which the defendant is charged with publishing certain libelous statements, particularly set forth in the petition.    The: answer admitted the publication of the statements charged. in the petition as libelous, and by way of justification, alleged the statements so published to be true.    The jury to which the cause was submitted returned into court the. following verdict, to-wit :    " We, the jury, in the case of *David A. Cattell v. The Dispatch Publishing Company*, find no cause for action. F. W. Weber, Foreman."    The· foreman of the jury handed this verdict to the court, who· after examining it, suggested to the foreman that the ver- dict should be in the following form :    " We, the jury, find for the defendant."    To which the foreman replied that the jury had agreed on the particular form of verdict. returned and did not wish to change the same.    Where- upon the jury were asked by the clerk, after reading the verdict to them, if the verdict was their verdict, to which all replied in the affirmative, and the said verdict was re- ceived and filed, and judgment was rendered thereon in favor of defendant.    This judgment was affirmed on ap- peal to the St. Louis court of appeals.

Cattell v. The Dispatch Publishing Company.

It is evident that the verdict of the jury is informal and unsatisfactory, and is not directly responsive to the issues submitted to them, and the conclusion that they intended by it to find for the defendant can only be reached by a process of reasoning. While, if the verdict had been received by the court, without directing the attention of the jury to its formal insufficiency, and suggesting that the verdict should be, "We, the jury, find for the defendant," we would be inclined to hold that it would support a judgment rendered thereon in favor of defendant, yet we are of opinion that the verdict ought not to have been received when the fact is considered that when the attention of the jury was called to its insufficiency, and it was suggested that it be made to conform to the interpretation which the court put upon it, namely, that the finding was in fact for defendant, the jury through their foreman declined to make the change, saying they had agreed on the particular form of verdict as returned, thereby indicating that it was not their intention to find for defendant, and that they were unwilling for it so to appear in their verdict. It amounted to a refusal on the part of the jury to return a verdict for defendant. Under these circumstances it was the duty of the court to direct the jury to retire and consider further of their verdict, under instructions that if they found for plaintiff, their verdict should be in the following form: "We, the jury, find for plaintiff and assess his damages at —— sum," filling the blank with such amount of damages; and that if they found for defendant then their verdict should be: "We, the jury, find for the defendant."

The court may direct the jury to amend, when the verdict is imperfect and informal, and may send them back to the jury room for that purpose. In every case of a verdict rendered the judge should look after its form and susbtance so as to prevent a doubtful or insuffi-

cient finding from passing into the records of the court. Proffatt on Jury Trials, secs. 457–459.

It appears that the motion for new trial was filed on the fifth day after the verdict was rendered. Inasmuch as one of these five days was Sunday, the motion was filed in time, it having been held by this court in the case of *National Bank v. Williams*, 46 Mo. 17, that as to matters to be transacted in court, Sunday is *non dies*, and should not be counted. In moving for a new trial, or in arrest, the party is entitled to four working days, if the term shall so long continue.

The judgment of the court of appeals will be reversed and the cause remanded to that court with directions to reverse the judgment of the circuit court and remand the cause for new trial. All concur.