GASTON v. KELLOGG *et al., Appellants.*

1. **Partner**: COMPENSATION FOR SERVICES TO PARTNERSHIP. Where there is an agreement to that effect, a partner can recover of the partnership compensation for his services to it.

2. **Referee's Report, Exceptions to.** The bill of exceptions should show that exceptions were made to a referee's report within four days after the report was filed in court.

*Appeal from Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*W. W. Rucker* and *Andrew Mackay, Jr.,* for appellants.

(1) This court will review the evidence and find-

ings of the referee, as the suit is of an equitable character, to settle the co-partnership affairs. *Hodges v. Black*, 76 Mo. 537; *Holt v. Simmons*, 16 Mo. App. 97. (2) Ordinarily, a partner cannot recover of the firm compensation for his services rendered the same, unless there is a contract therefor, express or implied, or an agreement for such compensation; the burden, of course, being on the partner, thus claiming, to show his right to the same. *Lee v. Davis*, 70 Ind. 464; *Lassiter v. Jackman*, 88 Ind. 118; *McBride v. Stradley*, 103 Ind. 465; Story on Part. [7 Ed.] p. 304, sec. 182; Parsons on Part. [3 Ed.] p. 250, sec. 230; *Cramer v. Bachman*, 68 Mo. 310.

*O. F. Smith* and *A. W. Mullins* for respondent.

(1) Upon the record in this case no question arises as to whether or not the court properly approved the referee's report. It does not appear, from the bill of exceptions, that the defendants filed exceptions to the report. In such case, the report being formal, it was the duty of the court to confirm the report and render judgment thereon. 1 R. S., secs. 3622–23; *Reinecke v. Jod*, 56 Mo. 386. (2) The statute (R. S., sec. 3623) provides that judgment shall be rendered on the referee's report, when confirmed, "in the same manner and with like effect as upon a special verdict." And, if the referee's report is sufficiently regular and formal upon its face to support a judgment, then the party complaining must file exceptions thereto within four days, in term, after the report is filed, otherwise the report will be confirmed and "judgment shall be rendered thereon." See authorities *supra*. A motion for a new trial is unavailing unless the exceptions are duly filed to the report and then exceptions taken and saved to the ruling of the court thereon. (3) But if the case be reviewed upon the whole facts appearing in evidence, then we

insist that the judgment is clearly right, and well and amply supported by the evidence. From the facts and circumstances in proof the presumption arises that plaintiff was to be compensated for his labor; but the proofs further show, and, we think, conclusively, that the plaintiff was employed by special contract and rendered the services claimed by him under such contract. And it would be inequitable for him to be required to sustain a greater loss than his co-partners. *Cramer v. Bachmann*, 68 Mo. 310; *Bradford v. Kimberly*, 3 Johns. Ch. 431; *Levi v. Kaurick*, 13 Iowa, 344; 1 Parsons on Cont. [5 Ed.] 203; Story on Part. [4 Ed.] secs. 182, 182a.

NORTON, C. J. — This is a suit instituted in 1881 for dissolution of a partnership and an accounting. The petition states that, in July, 1875, the parties, by written contract, entered into partnership under the name and style of "Chariton County Mining Company," and the partners purchased a mine in Summit county, Colorado, and that, by employment by said defendants, as such company, plaintiff began work in said mine, known as the "Battel Tunnel Mine," in said county, on August 9, 1875, and continued to thus work until November 9, 1876; that his labor and services therein were reasonably worth five dollars per day; that said parties were to share equally all expenses and liabilities incurred by said company in said business; that his services were greatly in excess of the sum due from him as one of the partners in said mining company; that there has been no dissolution of said partnership or settlement of the accounts thereof; that defendants are indebted to plaintiff; he, therefore, asks for a dissolution of the partnership, and for an accounting thereof.

The answer of the defendants was a general denial. The case was referred to a referee to take the account

and report, who, on the eighteenth of June, 1883, made the following report with the evidence taken by him :

"That there were nine parties in the partnership as alleged ; that each of said partners, except John Gaston, put in cash to the amount of $1,093.15 ; that John Gaston, the plaintiff, put in three hundred and ninety days' labor, worth four dollars per day, $1,560 ; that the total amount put into said partnership in work and labor was $10,305.20 ; that the whole amount put in was an entire loss ; that the proportion of loss to each man in said partnership was $1,145 ; that the excess of Gaston's loss above his proportion was $415 ; that Gaston received from the company, in cash, $160 ; that there is now due Gaston on settlement, $255 ; that each of the other parties to the partnership should pay, of this amount, $31.87½."

Exceptions were taken to this report, and the report was confirmed and judgment entered accordingly, from which action of the court the defendants have appealed, and insist that the report was against the evidence, which, it is claimed, showed that plaintiff was to put in his time and work in the mining venture as an off-set to the money put in by defendants in developing it ; and further, that if Gaston, the plaintiff, was entitled to wages, the referee erred in allowing him for three hundred and ninety days at four dollars per day.

It appears, from the evidence, that one Leal was the original owner of the mine, and that, under the original agreement, he was paid five hundred dollars for the property, and that an additional sum of twenty-five hundred dollars was to be expended in developing the mine ; that said Leal, plaintiff, and seven others composed the partnership ; that plaintiff was to pay his proportion of the said sum in labor. He put in no money. It appears that the mine was operated under this agreement, and that, by December, 1875, the whole sum of twenty-five hundred dollars and more had been ex-

hausted, without making a paying development, and it was then agreed to expend further sums in developing the mine. These sums were expended without resulting in any practical success, and the venture proved to be a total loss of all that was put into it.

The original contract, which provided for the expenditure of twenty-five hundred dollars, contained the stipulation that five hundred dollars of the last named sum was to be paid by Gaston, in work performed by himself, and that all other expenditures of money should be borne equally by the parties to the agreement. The above stipulation only bound Gaston to put in labor equal in value to the sum named. While we give full recognition to the principle invoked by defendants, to the effect that, ordinarily, one partner cannot recover of the partnership compensation for his services rendered, unless there is a contract therefor, express or implied, or an agreement for such compensation, we are of opinion that there is evidence tending to show such agreement, and that a fair construction of the contract leads to the inference that if the plaintiff put in labor exceeding in value the amount of cash put in by each of the other partners, he is entitled to compensation for the amount of such excess.

Plaintiff testified, and other evidence shows, that he acted as foreman of the mines, and worked under the direction of Leal, who was mining engineer; that he was working for the company by the day; that defendant Bean, of Denver, who, according to the evidence of defendant Mackay, was the representative of the company, received money from its members to pay miners, expenses, etc., and who had control and direction of affairs, and was the representative of the parties in interest, promised plaintiff that he should receive four dollars per day for his services, and at one time paid plaintiff one hundred and ten dollars, and at another fifty dollars, both of which sums are charged against

the plaintiff by the referee. The report of the referee, being in the nature of a special verdict, will not be set aside on exceptions thereto, unless there is a clear preponderance of evidence against the finding, which we are unwilling to say exists in this case, especially so in view of the fact, that as all the nine parties concerned in the partnership were to have equal interests, it would be inequitable to give the contract, and the action of the parties under it, such a construction as to require one to sustain a greater loss than another. The finding of the referee, as to the number of days plaintiff worked, is supported by the evidence of plaintiff, and of Dean, the representative of the company at Denver, and the finding in reference to what the work was worth per day is supported by three witnesses.

Under the ruling of this court in the case of *Rein-ecke v. Jod*, 56 Mo. 386, the judgment might well be affirmed, on the ground that the bill of exceptions does not show that the exceptions were filed within four days after the report of the referee was filed, and only shows that exceptions were taken to the action of the court in confirming the report.

Judgment affirmed. All concur.