Beckman v. The Phœnix Ins. Co.

LOUISA BECKMANN, Defendant in Error, v. THE PHŒNIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, Plaintiff in Error.

St. Louis Court of Appeals, May 3, 1892.

1. **Motion for New Trial:** TIME FOR FILING. A motion for new trial must be filed within four secular or working days after the trial; otherwise exceptions taken at the trial will not be preserved by it. Nor will the fact that the trial court was not in session during these four days serve to extend the time for the filing of the motion. (*Clerk's Savings Bank v. Thomas,* 2 Mo. App. 367, is overruled).

2. **Practice, Appellate:** PRESUMPTIONS. A demurrer to a defective petition was sustained, whereupon the petition was by leave of court amended by interlineation, and the defendant answered. On appeal the transcript failed to show what interlineations were thus made. *Held,* that it must be presumed that they were sufficient to cure the defects in the petition.

3. **Pleading:** CONDITIONS PRECEDENT. A petition must allege the performance of a condition precedent to the right of recovery, or else sufficient excuse for the non-performance of the condition; otherwise it will be bad on demurrer.

4. ———: CURING THE ABSENCE OF ESSENTIAL AVERMENTS. But where the petition fails to make either such allegation, and the answer affirmatively pleads non-performance, and the plaintiff takes issue by reply, the defect in the petition will be helped out by the subsequent pleadings.

*Error to the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*E. T. & C. B. Allen* and *John W. Booth,* for plaintiff in error.

*J. C. Kiskaddon* and *C. F. Gallenkamp,* for defendant in error.

ROMBAUER, P. J.—On the twenty-fifth of January, 1890, the plaintiff recovered judgment against the defendant in a suit upon a policy of fire insurance. On the same day the court adjourned until February 4, which was a day within the same term of court; on the seventh of February the defendant filed its motion for new trial, which was by the court overruled on May 29, also during the said term of court. At a subsequent day of the term leave was given defendant to file its bill of exceptions on or before November 17, 1890. On November 17, which was during the November term of the court, by consent of all parties, the time was again extended, and the bill of exceptions was presented, signed by the judge and filed on December 30, 1890, which was within the time covered by the last extension.

The plaintiff contends that, upon the above showing, the defendant has failed to preserve any exceptions in the case for our review, because it appears by the uncontroverted recitals of the record proper, that no motion for new trial was filed within four days after the trial. The defendant contends that, as the court adjourned immediately after rendering judgment, and did not meet again until February 4, a motion for a new trial filed February 7 was filed within four days after trial, because the four days mentioned in the statute mean judicial days, viz., days on which the court is in session.

The view contended for by the plaintiff is the correct one. The statute requires motions for [new trial to be filed within four days after the trial, if the term shall so long continue, and, if not, then before the end of the term. The days meant are secular or working days, and, if Sunday intervenes, that day is to be excluded from the computation. *National Bank v. Williams*, 46 Mo. 17; *Cattell v. Publishing Co.*, 88

Mo. 356.   But the fact that the court is not in session
on any of these days is immaterial.   The court has
nothing to do with the filing of the motion as that is
filed with the clerk by the complaining party as a
matter of right.   The statute prescribing the time is
mandatory both in civil and criminal cases, and the
supreme court has refused to relax the rule even in
capital cases.   In *State v. Brooks*, 92 Mo. 591, wherein
it was attempted to have the court consider a motion
for new trial presented fourteen days after the verdict,
Judge NORTON, in delivering the opinion of the court,
says:   "This statute is mandatory, and, according to
the uniform ruling of this court since the case of *Allen
v. Brown*, 5 Mo. 323, a refusal to grant a new trial on a
motion made more than four days after the trial is not
error, and it has been further held that, unless it
affirmatively appears by the record that the motion for
new trial was filed within four days after trial, this
court will not consider the question it presents.
*Welsh v. St. Louis*, 73 Mo. 71: *Moran v. January*,
52 Mo. 523, and cases cited.   In the case of *State v.
Marshall*, 36 Mo. 400, where defendant was convicted
of murder in the first degree, it is said:   "No excep-
tion will be noticed here where no motion for a new
trial has been made, *or what is the same thing*, where
none is made and filed within the time prescribed by
law."

We must conclude, therefore, that the defendant
having failed to file any motion for new trial, as stated
above, or, what is the same thing, having failed to file
such motion within the time prescribed by law, it has
lost the benefit of all exceptions taken at the trial, and
we cannot consider its bill of exceptions as forming part
of the record.   The case of *Clerks' Savings Bank v.
Thomas*, 2 Mo. App. 367, as far as it states the rule in
that respect differently, is overruled.

The only error assigned upon the record proper is that the petition does not state facts sufficient to constitute a cause of action. This assignment is supported by a statement in the printed argument, that the petition alleges several conditions precedent, but does not anywhere allege, either generally or specially, that plaintiff complied with them, and consequently does not state a cause of action. That the petition in that regard is defective may be conceded. A demurrer was interposed by the defendant; the court sustained it, and gave leave to the plaintiff to amend the petition by interlineations. What such interlineations were does not appear, but, as the defendant did not renew its demurrer but answered, we must assume that they were sufficient to remove the defect then complained of. No motion in arrest was ever filed.

Performance of a condition precedent must be alleged, or excuse given for the non-performance of it, or else the petition will be bad on demurrer. *Basye v. Ambrose*, 32 Mo. 484. Every fact which the plaintiff must prove to maintain his suit he must plead. *Pier v. Heinrichoffen*, 52 Mo. 333. Here, however, defendant's answer, by way of defense, sets up the non-performance of conditions precedent on the part of the plaintiff, and the plaintiff took issue by reply. As no finding for plaintiff could have been had, unless the evidence established either a performance of conditions precedent on her part, or their waiver on the part of the defendant, the case is one where the defects in plaintiff's petition were helped out by the other pleadings, and we would not be justified in vacating the judgment on the ground that the petition is defective in essential averments, even if we were justified in assuming that these defects were not remedied by the interlineations above referred to.

All the judges concurring, the judgment is affirmed.