MALONEY v. THE MISSOURI PACIFIC RAILWAY COMPANY,
*Appellant.*

Division Two, May 24, 1894.

1. **Practice**: MOTION FOR NEW TRIAL. A motion for new trial must be filed within four days after trial, Sundays excepted, if the term continues so long, and if not, before the end of the term.

2. ———: REFEREE'S AMENDED REPORT: EXCEPTIONS. Where the amended report of a referee is the basis of the judgment of the trial court exceptions to it as amended must be filed within four days after its filing in order to have it reviewed in the supreme court.

3. ———: REFERENCE CAUSE: MOTION FOR NEW TRIAL. A motion for a new trial is as necessary in a reference as in other cases and this is true, although exceptions to report of the referee were duly filed and passed on by the trial court.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Elijah Robinson* for appellant.

(1)  That the defendant, as a common carrier, could, by contract, lawfully limit its liability, is now too well settled to admit of controversy. *McFadden v. Railroad*, 92 Mo. 343; *Rice v. Railroad*, 63 Mo. 314; *Snyder v. Adams Express Co.*, 63 Mo. 376; *Ball v. Railroad*, 83 Mo. 574; *Railroad v. Cleary*, 77 Mo. 634; *O'Bryan v. Kinney*, 74 Mo. 125; *Brown v. Railroad*, 18 Mo. App. 568; *Hart v. Railroad*, 112 U. S. 331. (2) Plaintiff accepted the bills of lading containing conditions limiting the liability of defendant, and he is bound by those conditions. Whether he read them is entirely immaterial. *Snyder v. Adams Express Co.*, 63 Mo. 376;

*Railroad v. Cleary*, 77 Mo. 634; *O'Bryan v. Kinney*, 74 Mo. 125; *Grace v. Adams*, 100 Mass. 507; *Belger v. Dinsmore*, 51 N. Y. 166; *Long v. Railroad*, 50 N. Y. 76; *Mulligan v. Railroad*, 36 Iowa, 181; *McMillan v. Railroad*, 16 Mich. 79.    (3)    The defendant gave to plaintiff reduced rates, which was a sufficient consideration for the contract limiting defendant's common law liability.    (4)    The fact that the name of the plaintiff was signed to the contracts by defendant's station agent, does not deprive the contracts of their validity, or in any way impair their legal force and effect. Plaintiff accepted these contracts, and it was not necessary that his name should have been signed to them at all. *Snyder v. Adams Express Co.*, 63 Mo. 376; *O'Bryan v. Kinney*, 74 Mo. 125; *Long v. Railroad*, 50 N. Y. 76; *Belger v. Adams Express Co.*, 51 N. Y. 166; *Grace v. Adams*, 100 Mass. 507.    (5)    The property in controversy having been destroyed by fire, and there being no evidence of negligence whatever on the part of the defendant, the finding of the referee and the judgment of the trial court should have been for defendant.    (6)    The plaintiff did not serve notice of the loss as provided by the terms of the bills of lading. (7)    By the terms of the bills of lading the valuation of the property was limited to five dollars per hundred weight.    There was no evidence as to the weight, and consequently no evidence upon which to base the finding of the referee as to the valuation.    (8)    A considerable portion of the property was shown to belong to persons other than plaintiff.    He could not maintain suit for this property, except as the trustee of an express trust, resulting from the terms of the contracts delivered to him by the defendant.    (9)    The plaintiff's wife was not a competent witness. The admission of her testimony was prejudicial to defendant.

*J. M. Callahan* and *C. F. Moulton* for respondent.

(1)   The exceptions to the report of the referee were not filed within four days after the filing of the report.   R. S. 1889, sec. 2154; *Brown v. Wall*, 113 Mo. 46; *Renicke v. Jod*, 56 Mo. 386; *Gaston v. Kellogg*, 91 Mo. 109.   (2)   The motions for new trial and in arrest, were not filed within four days after the trial of the cause.   R. S. 1889, sec. 2243; *Cattell v. Co.*, 88 Mo. 360; *Ballinger v. Carrier*, 79 Mo. 318; *State v. Brooks*, 92 Mo. 591; *Gaston v. Kellogg, supra; Beckmann v. Ins. Co.*, 49 Mo. App. 604; *State v. Arnold*, 54 Mo. App. 601.   (3)   The appeal is without merit, and ten per cent. damages should be awarded.   *Phillips v. Phillips*, 107 Mo. 364; *Shackly v. Co.*, 50 Mo. 410; *Bonnell v. Co.*, 45 Mo. 422; *Banistis v. Henn*, 45 Mo. 566.   (4)   This is an action at law, sounding in damages, and referred by consent.   All the facts in the case sustain the finding of the referee and of the court. When this is done the finding will not be disturbed. *Bank v. Ins. Co.*, 97 Mo. 38; *Co. v. Fitzwilliams*, 84 Mo. 406; *Gaston v. Kellogg*, 91 Mo. 109; *Vogt v. Butler*, 105 Mo. 485.   (5)   Plaintiff, in an action for damages, is not required to plead contract of exemption where such exists.   *Clark v. Railroad*, 64 Mo. 440.   The petition alleges the delivery and loss of the goods and that is sufficient.   *McFadden v. Railroad*, 92 Mo. 343. The goods were shipped by plaintiff under one contract and consigned to him and this fact gave him a cause of action.   *Wolfe v. Railroad*, 97 Mo. 473.   (6) The exceptions are void.   They are vague and indefinite. *Hornblower v. Crandall*, 7 Mo. App. 220; s. c., 78 Mo. 581; *Co. v. Givens*, 36 Mo. App. 610.   (7)   The evidence discloses negligence on the part of the defendant, and against the result of which the carrier could not contract.   *McFadden v. Railroad*, 92 Mo. 348.   He

is liable for injuries sustained in consequence of the want of due diligence. *Clark v. Railroad,* 64 Mo. 447. (8) The referee and court found, from all the evidence, that no contract was made exempting defendant from its common law liability. And in no manner was that finding complained of in defendant's exceptions to the referee's report. The legal effect of this was to remit defendant back to its common law liability. This court in *Green v. Cole,* 103 Mo. 70, held that "the minds of the parties to constitute a contract must assent to the same thing in the same way." (9) The record discloses that the trial court decided the case on the testimony reported by the referee. *Pomeroy v. Benton,* 77 Mo. 64, and the report of the referee, in an action at law is equivalent to a special verdict, and will not be disturbed by the supreme court, if there is evidence to support it. *Vogt v. Butler,* 105 Mo. *supra.* The alleged special contract disposed of, the liability of defendant must be conceded. *Reed v. Railroad,* 60 Mo. 199; and this regardless of whether the appellant was or not guilty of negligence. *Davis v. Railroad,* 89 Mo. 340.

BURGESS, J.—This is an action by plaintiff against the defendant as common carrier for damages for the loss of household goods by fire by reason of the negligence of defendant while in transit over its road from Harrisonville to Independence, Missouri. Upon issue joined, by consent of the parties plaintiff and defendant, John A. Sea was appointed referee to examine the account and make report. On the ninth day of March, 1891, the referee filed his report.

On March 11, 1891, defendant filed exceptions to the report of the referee as follows:

"Comes now defendant and makes the following exceptions and objections to the report of the referee

filed herein; and defendant says: *First.* That said report is against the law (in that the amount allowed plaintiff is not the lawful and true amount that the defendant, if liable, ought to pay plaintiff). *Second.* That it is against the evidence and the law under the evidence. *Third.* That the referee erred in rejecting testimony offered by defendant. *Fourth.* That the referee erred in admitting testimony offered by plaintiff. *Fifth.* That the plaintiff by requesting his name signed to the bill of lading or contracts in evidence, and by accepting duplicates thereof, and claiming and receiving benefits thereunder, became, was and is firmly bound by the terms and conditions thereof, as if the same and each of them had been read and explained to him before the same were signed. *Sixth.* That under the facts in evidence, the burden of proof is on plaintiff to show such negligence upon the part of defendant before plaintiff could be entitled to a recovery, and that such proof was not made in said cause. *Seventh.* That the referee erred in finding the defendant liable to this plaintiff for goods which the petition and evidence showed were the property of Rosa Crawford and Maggie Barton. *Eighth.* That under the facts found by the referee, his conclusion should have been that the defendant was not liable for, or on account of, the loss of any part of the property mentioned. *Ninth.* That the finding of the referee is against the weight of the evidence. *Tenth.* That the referee erred in his conclusions as to what the evidence introduced tended to prove.''

On the same day defendant filed its motion for judgment, which is as follows: ''Comes now said defendant and moves the court for a judgment in its favor, upon the report of the referee herein filed for the reasons: *First.* That upon the facts found in said report, the finding of the referee should have been in

favor of the defendant instead of the plaintiff. *Second.*
That upon the facts found by the referee, as the same
are stated in said report, the judgment of this court
should be for the defendant. *Third.* That the facts
found by the referee, under the law of this case,
are not consistent with the findings of facts therein
stated."

On April 10, 1891, exception number 1 to the
referee's report was sustained. On September 15, 1891,
the case was again referred to the referee with instruc-
tions to take such additional evidence touching the
value of the property alleged to have been destroyed as
might be introduced by either party and to report his
finding to the court.

The referee, after having heard the evidence as to
the value of the goods destroyed in obedience to the
order of the court, made his report November 7, 1891.
Court adjourned on the same day to the twenty-first
day of November next thereafter when it again ad-
journed to December 19, 1891. On December 19,
1891, defendant filed its exceptions to the report of the
referee:

"Now comes said defendant and excepts to the
report of the referee filed herein, of the seventh day of
November, 1891, and says that said report is contrary
to the weight of evidence in the case, and is in fact
without any evidence to support it; that the amount of
the finding of the referee is excessive, no such amount
being warranted by the evidence in the case, and that
the conclusion of the referee, namely, that plaintiff
was entitled to recover, is contrary to the law, and
against the weight of evidence."

On the same day, the motion for judgment which
had been filed by defendant on the eleventh day of
March, 1891, was submitted to the court and taken
under advisement; the following order was entered
on record:

"Now on this day come the parties hereto, and by their respective attorneys, and defendant files exceptions to report of referee, and defendant's motion for judgment on report of referee filed March 11 being taken up, fully seen, heard and considered, is by the court taken under advisement."

And afterwards, on the same day, defendant filed its amended exceptions, which are as follows:

"Now comes said defendant, and by leave of the court files its amended exceptions to the report of the referee herein filed, and says: *First.* Said referee admitted illegal evidence against the objections of defendant. *Second.* Said referee excluded legal and proper evidence offered by defendant. *Third.* The report of said referee is against the weight of evidence, and is in fact without any evidence to support it. *Fourth.* The amount found by the referee is excessive, no such amount being warranted by the evidence. *Fifth.* The conclusion of the referee, that plaintiff is entitled to recover, is contrary to law and against the weight of evidence in the case. *Sixth.* The finding should have been for the defendant. *Seventh.* The plaintiff's petition does not state facts sufficient to constitute a cause of action."

On the same day the court adjourned until January 9, 1892. On January 9, 1892, the motion for judgment filed by defendant March 11, 1891, was, by the court, overruled and defendant excepted. April 23, 1892, defendant's exceptions to the report of the referee were overruled and the finding and report of the referee sustained by the court and judgment rendered for the plaintiff for $2,701.28, the amount which the referee found plaintiff was entitled to recover, to all of which defendant excepted. On the same day court adjourned to May 14, 1892, and on that day defendant filed its

motion for a new trial and in arrest of judgment, which being overruled, it appealed to this court.

Plaintiff contends that there is nothing before us for review, because of the failure of the defendant to file its motion for a new trial within four days after the trial. Upon the other hand the contention of the defendant is that the statute, section 2243, Revised Statutes, 1889, which provides that "all motions for new trials and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term," means four judicial days, or in other words, the four first days that the court is in session after the trial, and that as the court, on the tenth day of April, 1891, sustained defendant's first ground of exception, and at the next term sent the case back to the referee again, not for a new trial, but for the purpose of taking additional evidence on and reconsidering the question of value, and that was all that was done until the second reference, that the second report was not a substitute for but supplemental to the first, and that the first was not superseded by it as to the question of value.

It is true that the second report alone did not form the basis of the judgment, and that the first report, except as to the first ground assigned by defendant for setting it aside, which was as to the value of the property destroyed by the fire, stood undisposed of until the twenty-third day of April, 1892. But on the nineteenth day of December, 1891, during the same term at which the second report was filed, the defendant filed exceptions to the second or amended report, to which exceptions defendant afterwards filed amendments, so as to include the whole report, all of which were overruled on the twenty-third day of April, 1892, and judgment rendered for plaintiff for the amount of the

referee's finding; and defendant did not file its motion for a new trial and in arrest until the fourteenth day of May next thereafter. Defendant argues that the days which elapsed between the adjournment of court on April 23. and until it convened again on May 14 following, should not be taken into account in estimating the days in which it was allowed by the statute to file its motion for a new trial, and that it was entitled to four days while the court was in session in which to file its motion. The right to file a. motion for a new trial within four days after trial is an absolute right fixed by statute and it is unnecessary to obtain leave of court in order to file such motion, nor that the court should be in session at the time, but it must be filed before its final adjournment for the term.

The language of the statute is so plain and explicit that it doesn't seem as if there can be but one meaning to it and that it is not open for construction. It has, however, been before this court for construction on several different occasions, and ever since the decision in *Allen v. Brown*, 5 Mo. 323, it has been uniformly held that a refusal to grant a new trial on a motion filed more than four days after the trial is not error. Thus in *Bollinger v. Carrier*, 79 Mo. 318, it is held that this court will not consider a bill of exceptions unless the record affirmatively shows that the motion for a new trial was filed within four days after the trial as prescribed by the statute. *Welsh v. St. Louis*, 73 Mo. 71; *Moran v. January*, 52 Mo. 523; *State v. Marshall*, 36 Mo. 400; *State v. Brooks*, 92 Mo. 542. See, also, *State v. Arnold*, 54 Mo. App. 660; *Beckmann v. Ins. Co.*, 49 Mo. App. 604; *Ewaldt v. Farlow*, 62 Iowa, 212.

Moreover, the amended report of the referee was in fact the report as amended, upon which the court finally acted and confirmed, the one upon which the judgment is bottomed, and no exceptions were filed to

it, as amended, within four days of its filing, and under the ruling in *Gaston v. Kellogg*, 91 Mo. 104, the judgment might well be affirmed on that account. *Reinecke v. Jod*, 56 Mo. 386.

But it is insisted by counsel for defendant that there is no good reason why a motion for new trial should be required in a reference case where exceptions to the report of the referee raising all the questions involved in the case have been filed, and passed upon by the court. This precise question was before this court in *State ex rel. v. Hurlstone*, 92 Mo. 327, in which it is said: "But it is urged that exceptions to a report of a referee take the place of a motion for new trial; that they stand as and for such a motion. * * * The exceptions to the report of the referee are filed for the purpose of calling upon the trial court to review the rulings of the referee. This must be done before confirmation and judgment. It is the purpose of the motion for a new trial to give the trial court an opportunity to correct its own errors, and to award a new hearing, if that be necessary to correct any errors that may have been made." Such exceptions can only be preserved by bill of exceptions, and where there has been no motion for a new trial they can not be considered here. *State ex rel v. Burckhartt*, 83 Mo. 430.

In counting the four days after the trial in which the motion for new trial is required to be filed Sunday is not counted, for the reason that no business can be transacted in court on that day, except to receive the verdict of a jury, and four working days are meant. *Bank v. Williams*, 46 Mo. 17; *Cattell v. Dispatch Publishing Company*, 88 Mo. 356; *State v. Harris*, 121 Mo. 445.

For the reasons stated there is nothing before us to be passed upon, save and except the record proper,

and, as there does not seem to be any reversible error in that, the judgment is affirmed. All of this division concur.