Shewalter v. McGrew.

JOSEPH D. SHEWALTER, Respondent, v. JAMES C. McGREW, Appellant.

Kansas City Court of Appeals, January 14, 1895.

Trial Practice: MOTION FOR A NEW TRIAL. The motion for a new trial must be filed within four (working) days after verdict,—and this, whether the court remains in session or adjourns to a day certain.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*William Aull* for appellant.

(1) The exceptions were saved by motions for new trial and in arrest of judgment, filed within four days after trial and verdict. 1 R. S. 1889, p. 579, sec. 2243; *Demske v. Hunter*, 23 Mo. App. 469; *Bank v. Thomas*, 2 Mo. App. 367; *Patchen v. Bonsack*, 52 Mo. 432; *Bank v. Williams*, 46 Mo. 17; Tidd's Practice [4 Am. Ed.], side page 903, and cases cited. It will avail nothing to file the motion with the clerk in vacation. The only safe rule is. to file same in open court. Elliott's Appellate Procedure. See 842; *Emerson v. Shephard*, 121 Ind. 184.

*John S. Blackwell* for respondent.

(1) Motion for new trial must be filed within four days, if the term so long continues. This means four secular or working days, not four days in which the court is, in fact, in session. *Beckman v. Phœnix Ins. Co.*, 49 Mo. App. 604, and authorities cited. *Maloney*

*v. Missouri Pacific R'y*, 26 S. W. Rep. 702 (Sup. Ct. Mo.); *Bank v. Thomas*, 2 Mo. App. 367, expressly overruled. *Cornwell v. Wulff*, 27 S. W. Rep. 659. See cases also cited in *Maloney v. Railroad*, 26 S. W. Rep. 704, at bottom.

ELLISON, J.—Plaintiff sued the defendant for legal services rendered in his behalf and recovered judgment in the trial court for $1,161.85. The verdict of the jury was rendered on the twenty-ninth day of December, 1893. On the next day the court adjourned over to the twenty-ninth day of January, 1894, on which latter day the defendant filed his motion for new trial. This was too late. The motion for new trial must be filed within four days—that is, four working days, but this does not mean that these days must be composed of such days as the court may be in actual session. If the court does not adjourn the term, but merely adjourns over to a certain other day, the time for filing motions for new trial runs as though this adjournment over had not occurred. *Beckman v. Ins. Co.*, 49 Mo. App. 604. And so the supreme court has recently held.

The case is thus left without any matter of exception and we have only to examine the record proper. We discover no error in the latter, and hence can only affirm the judgment. All concur.