STATE *ex rel.* W. T. FERRY, Curator, Appellant, v. R. J. McGOWAN, *et al.*, Respondents.

Kansas City Court of Appeals, May 20, 1895.

Trial Practice: FILING MOTION FOR NEW TRIAL. A motion for a new trial must be filed within four working days after the verdict. And the fact that the court may adjourn to a day certain does not lengthen the time.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED (*with directions*).

*M. T. January* for appellant.

(1) The granting of new trials is no longer discretionary with circuit courts. Their action is subject to review by appellate courts. Session Acts, Mo. 1891, p. 70; *Lovell v. Davis*, 52 Mo. App. 342; *Morris v. Morris*, decided by St. Louis court of appeals December 18, 1894. (2) The verdict and judgment were entered in this case May 18, 1894. The motion for new trial was filed June 13. It was too late. *Shewalter v. McGrew*, 60 Mo. App. 288.

*Scott & Hoss* and *Burton & Wight* for respondents.

Appellant's point that the motion for a new trial was filed too late is not supported by the record.

SMITH, P. J.—This is an action on a curator's bond. On May 18, 1894, there was a trial, resulting in a verdict for the relators. On the next day, May 19, the court adjourned until June 12. Subsequently, on June 13, the defendants filed motion for a new trial. The motion was continued until the November term, 1894, when the same was sustained. The relators appeal from that order. The relators contend that upon the above showing the defendants have failed to preserve any exceptions in the case for our review, because it appears by the uncontroverted recitals of the record proper, that no motion for a new trial was filed within four days after the trial.

The defendants insist that as the court adjourned on the next day after the rendition of the judgment

and did not meet again until June 12, a motion for a new trial filed on June 13 was filed within four days after the trial, for the reason that the four days mentioned in the statute mean judicial days—that is, days on which the court was in session.

We must uphold the contention of the relators, but, consequently, not that of defendants. The statute. requires motion for a new trial to be filed within four days after the trial, if the term shall so long continue; and, if not, then before the end of the term. It is now well settled in this state that the days meant are secular, or working days, and if Sunday intervenes, that day is to be excluded from the computation. *Shewalter v. McGrew*, 60 Mo. App. 288; *Beckman v. Ins. Co.,* 49 Mo. App. 604; *Bank v. Williams*, 46 Mo. 17; *Cottell v. Publishing Co.*, 88 Mo. 356.

As said in *Beckman v. Ins. Co., supra:* "The fact that the court was not in session on any of these days is immaterial. The court has nothing to do with the filing of the motion, as that is filed with the clerk by the complaining party, as a matter of right." The statute is mandatory. *Allen v. Brown*, 5 Mo. 323; *State v. Brooks*, 92 Mo. 591. It has been held that unless it affirmatively appears by the record that the motion was filed for a new trial within four days after the trial, the appellate courts can not consider the question it presents. *Welch v. Railroad*, 73 Mo. 71; *Moran v. January*, 52 Mo. 523.

It results that since the defendants did not file any motion for a new trial within the time required by statute, they have lost the benefit of all of the exceptions taken by them at the trial, and we can not consider their bill of exceptions as forming part of the record.

The case is not different than if the defendants had filed no motion for a new trial at all. There is,

then, nothing before us for review, except the record proper and upon the face of that, we discover no error.

The order of the circuit court setting aside the verdict must be reversed and cause remanded, with directions to reinstate the verdict. All concur.