SAMUEL L. RICKETTS, Appellant, v. H. W. HART *et al.*, Respondents.

St. Louis Court of Appeals, March 1, 1898.

1. Pleadings: PRACTICE. It is a well settled principle of pleading that performance of a condition precedent must be alleged or an excuse given for its nonperformance to make the pleading a good one.

2. **Bill of Exceptions:** ABSTRACT MUST CONTAIN WHAT. The abstract under second alternative of section 2253 may be in the narrative form, and it need not contain more of the record and bill of exceptions than is pertinent and relative to the questions presented to the appellate court for review. When in narrative form and the narrative is not correct, it is the duty of the other side to point out the error misstatement.

3. ———: COUNTER SHOWING NOT MADE: EFFECT OF. When there is no counter showing made, the court is bound by the recital of the facts in appellant's abstract.

DISSENTING OPINION BY JUDGE BIGGS.

4. **Bill of Exceptions:** RECITALS IN ABSTRACT. These recitals appear only in the paper referred to, the contents of which can not be accepted as evidence of any thing, unless it is shown by the certificate of the clerk indorsed thereon or by a record entry, that the paper was filed within the leave of the court. There is no bill of exceptions.

*Appeal from the Knox Circuit Court.*—Hon. EDWIN R. McKEE, Judge.

TRANSFERRED TO SUPREME COURT.

*O. D. Jones* for appellant.

*C. D. Stewart, H. T. Botts* and *L. F. Cottey,* for respondents.

BLAND, P. J.—The record and bill of exceptions are here under the second alternative of section 2253, Revised Statutes 1889. Respondent has filed his motion to dismiss the appeal for the reason, as alleged, that the abstract contains only the pleadings, and the record granting a new trial does not show that leave was granted to file a bill of exceptions in term, nor that a bill of exceptions was signed and filed. The abstract under second alternative of section 2253, *supra,* may be in the narrative form; it need not contain more of the record and bill of exceptions than is pertinent and relevant to the questions presented to

the appellate court for review. When in narrative form and the narrative is not correct, it is the duty of the other side to point out the error or misstatement, so that the proper correction may be made by reference to the full record and bill of exceptions. The abstract in this case recites the fact that the leave was taken in term time on June 16, 1897, to file bill of exceptions in ninety days. It also recites the fact that the bill of exceptions was signed on June 19, 1897, and filed on the following day. The respondent makes no counter showing, and we are bound to take the recital of the facts in appellant's abstract, concerning the leave to file, the signing and filing of the bill of exceptions as a correct statement of what appears by the record and entries of the circuit court. *Kincaid v. Griffith*, 64 Mo. App. 673; *Stewart v. Griffith*, 69 Mo. App. 456. The motion to dismiss the appeal will be overruled. The petition filed in the case is as follows:

*Must point out the error.*

*Court bound by recital.*

"Samuel L. Ricketts, Plaintiff

v.

"H. W. Hart, T. M. McCully and F. E. Rinehart, Defendants.

In the Circuit Court of Knox county, Mo., June Term, A. D. 1897.

"Plaintiff states that on the 29th day of July A. D. 1896, the defendants by their bond for deed herewith filed, signed by each of them by their initials as in the caption stated, sealed, acknowledged and thereby acknowledged themselves to owe and be indebted to him, the plaintiff, in the sum of fourteen hundred dollars on the sole condition that the defendant H. W. Hart, and mentioned in the body of the bond as H. Walter Hart should upon the payment to him by the plaintiff of the sum of forty-six hundred dollars at

times and on terms as follows, namely: Thirteen hundred dollars to be paid November 1st, 1896, and twenty-six hundred dollars in the form of an incumbrance then on the land to be assumed by plaintiff—all interest to be paid up to November 1st, 1896, on said incumbrance by defendant Hart, and that he should then convey to plaintiff by good and sufficient warranty deed in common form the following lands, namely: All the southeast fourth of the southwest fourth and the southwest fourth of the southeast quarter, and forty-four acres where residence is located—all in section ten, township sixty, range twelve, west in Knox county, Missouri, 124 acres more or less. That the balance of the purchase money was to be due and payable when deed was delivered.

"That plaintiff on the faith of said contract and bond for a deed made by the defendants as aforesaid on August 13th, 1896, paid defendant Hart the sum of seven hundred dollars, and on November 9th, 1896, the sum of one hundred dollars, and on November 12th, 1896, the sum of one hundred dollars, making in all the sum of nine hundred dollars.

"The defendant Hart has failed and refused, and still fails and refuses to comply with his part of said contract and bond for a deed in this: that he has failed and refused to execute and deliver to plaintiff a good and sufficient warranty deed in common form for conveying the title to said lands to plaintiff subject only to an incumbrance of twenty-six hundred dollars as stipulated in said contract and bond for a deed.

"That on the 12th day of January, 1897, the plaintiff notified the defendants that since the terms of the contract remained unperformed the plaintiff elected to and did rescind the contract in said bond for a deed referred to and that he delivered possession of said

premises and demanded his money back and he now sues herein therefor.

"Plaintiff says that he is damaged by the defendants by reason of the breach of the terms of said contract and bond for a deed in the sum of nine hundred dollars paid to defendant Hart as aforesaid with interest thereon at the rate of six per cent from the date when paid. And plaintiff says that relying on the contracts and promises of the defendants in said bond contained, he removed from the state of Illinois where he then resided to this state to take possession of said lands to pay for them and comply with the terms thereof on his part and in so doing he has been compelled to pay in cost and expenditures and in labor and trouble in so doing the full sum and is actually damaged in the sum of one hundred and fifty dollars. And that he was and is compelled by reason of the failure and breach of the conditions of said bond by the defendants to redeliver the possession of said lands to defendant Hart and to return to the state of Illinois at an actual cost of trouble, labor and expense one hundred dollars and that he is damaged thereby in the actual sum of two hundred and fifty dollars for which he asks judgment.

"He therefore asks that he have judgment on said bond for the penalty thereof against the defendants in the sum of fourteen hundred dollars.

"And that his damages because of the breaches of the terms and conditions thereof as aforesaid be assessed at the sum of eleven hundred and fifty dollars together with the interest thereon and cost of suit.

"SAMUEL L. RICKETTS,

"By O. D. JONES, Attorney.

"Marked filed February 24th, 1897."

Defendants filed separate answers. The execution of the bond sued on was admitted by the answer, and

it was also admitted that its terms and conditions were correctly set out in the petition. There was a denial of every other averment in the petition, and also a denial that the petition stated facts sufficient to constitute a cause of action. Defendant Hart denied that he failed to comply with the conditions of the bond and avers that the plaintiff refused to accept a good and sufficient warranty deed to the lands when tendered to him by defendant' and to perform the conditions of the bond on his part, and averred his ability, readiness and willingness to make and deliver a good and sufficient warranty deed to said lands at all times, but that plaintiff had failed and refused to perform his part of the contract by paying to defendant Hart the balance of the purchase money. The other defendants pleaded specially an alteration of the contract after they had executed the bond, without their knowledge or consent, and other matters not necessary to notice here. Plaintiff filed replies to the separate answers of the defendants. His reply to the answers denied the affirmative allegations therein and states that on January 12, 1897, he learned for the first time that the defendant Hart could not make a good and sufficient deed to the lands and that he then gave notice to all of the defendants that for that reason he rescinded the sale and demanded back the money he had paid on the contract, and for damages. That afterward on January 28, 1897, Hart presented a deed for about one hundred and sixteen acres of land upon which there was due $40 in taxes and an incumbrance of $5,000; that he refused to submit his deed to plaintiff's attorney for examination.

No motion to strike out any part of this reply was filed, and the cause went to trial upon the pleadings as thus made up. A motion for new trial was filed, pending which the plaintiff offered to amend his peti-

tion by conforming it, as he alleges, to the proofs. This was denied plaintiff, and motion for a new trial was sustained and new trial granted upon the sole ground that the petition did not state facts sufficient to constitute a cause of action, and that the court erred in admitting any evidence over defendant's objections. From this ruling plaintiff duly appealed.

It is a well settled principle of pleading that performance of a condition precedent must be alleged or an excuse given for its non-performance CONDITION prece- to make the pleading a good one. *Basye* dent: perform- *v. Ambrose,* 32 Mo. 484; *Beckman v. alleged.*
ance must be
alleged. *v. Ambrose,* 32 Mo. 484; *Beckman v. Phoenix Ins. Co.,* 49 Mo. App. 604. The payment of the balance of the $1,300, to wit, $1,100, as pleaded by appellant was a condition precedent to his right to demand and receive a deed from Hart. He nowhere in his petition avers a performance of this condition, nor does he state any facts which would excuse its non-performance. Advantage was taken of this defect by the answer. The reply is a denial of the averment in Hart's answer that he was ready, willing and able to make a good and sufficient deed, and at the same time avers a valid excuse for the non-payment of the balance of the purchase money in that, it states that plaintiff had discovered, before the institution of the suit, that Hart was unable to convey a good title and that the lands were encumbered by taxes and mortgages in the sum of $5,040, and that immediately upon his discovery of Hart's inability to make a good and sufficient warranty deed, he notified all the defendants that he rescinded the contract and demanded back the money he had paid on the contract and damages. No motion was filed to strike out this new matter in the reply; the parties elected to go to trial upon the issues thus made up, and we will presume, in the absence of any showing to the contrary, that the evidence

heard was relevant to these issues, and that the jury were correctly instructed, and that the verdict is supported by the evidence and responsive to the issues. Advantage could not be taken of the new matter pleaded in the reply, by an objection to the introduction of evidence on the trial; this could only be done by a special demurrer or motion to strike out; by going to trial without doing either, the defendants waived the objection. *Chemical Co. v. Lackawana Line*, 70 Mo. App. *loc. cit.* 280; *Philibert v. Burch*, 4 Mo. App. 470; *Mortland v. Holton*, 44 Mo. 58. Nor was the reply a departure from the petition, it but supplied a necessary averment omitted from the petition. *Chemical Co. v. Lackawana Line, Philbert v. Burch, Mortland v. Burch, supra; Scovill v. Glasner*, 79 Mo. 449; *Spurlock v. R. R.*, 93 Mo. 537; s. c. 104 Mo. 658; *Gelatt v. Ridge*, 117 Mo. *loc. cit.* 562. The petition and reply taken together make up the plaintiff's paper case, and are sufficient in our judgment to support a judgment after verdict. It follows that the action of the trial court in sustaining the motion for a new trial on the ground that the petition does not state facts sufficient to constitute a cause of action, and that the court committed error in admitting any testimony under the pleadings, was erroneous. We can not examine the other grounds stated in the motion for a new trial, for the reason that neither the evidence nor the instructions are in the record before us. In such circumstances we will assume that the ruling of the trial court on the other grounds of the motion was correct. The judgment sustaining motion for a new trial is reversed, with directions to the lower court to overrule the motion for a new trial, and to reinstate the verdict and render a judgment thereon. Judge BOND concurs, Judge BIGGS dissents.

### DISSENTING OPINION.

BIGGS, J.—I think that this appeal ought to be dismissed or the judgment affirmed, for the reason that there is no bill of exceptions. The abstract contains the copy of a paper which purports to be a bill of exceptions and to which is attached the name of the trial judge. The only indorsement on this paper is the following: "Marked Filed July 20th, 1897." The indorsement is not signed by any one. It is stated in the majority opinion that the abstract contains the recitals that leave was given to file bill of exceptions in vacation, and that the bill was filed within the time allowed. These recitals appear *only* in the paper referred to, the contents of which can not be accepted as evidence of anything, unless it is shown by the certificate of the clerk indorsed thereon or by a record entry that the paper was filed within the leave of the court. *Williams v. Williams*, 26 Mo. App. 409; *West v. Fowler*, 55 Mo. 300; *Johnson v. Hodges*, 65 Mo. 589; *Pope v. Thomson*, 66 Mo. 661; *Fulkerson v. Houts*, 55 Mo. 302; *Lafollette v. Thompson*, 83 Mo. 199; *State v. Rolley*, 135 Mo. 677; *State v. Harris*, 121 Mo. 445; *Walser v. Wear*, 128 Mo. 652; *Ferguson v. Thatcher*, 79 Mo. 512. Under the doctrine of these cases there is no evidence before us that a bill of exceptions was either signed or filed.

The opinion of my associates is in my judgment opposed to the decisions in the foregoing cases.

The question involved is an important one, and it is certainly very desirable that there should be no confusion or conflict in the decisions in reference to it. I therefore ask that the case be certified to the supreme court.